THE PEOPLE ex rel. DAVID A. MUNRO, JR., Respondent, *v.* THE BOARD OF COUNTY CANVASSERS OF ONONDAGA COUNTY, Appellant.

Where the sample ballots attached to a return of inspectors of election to the board of county canvassers show that the candidate was correctly named in the ballots, but through mistake or clerical error they are returned in a name differing slightly in the spelling or in some other particular, upon refusal of the said board to send back the return for correction, the candidate is entitled to a mandamus requiring it so to do before canvassing the vote.

The rule that the statement of votes cast for a candidate, written as required by the statute, upon a sample ballot attached to the return, may not be used by the board of county canvassers as the correct statement, when it differs from the statement of such vote given in the body of the return, but that the latter must govern, does not preclude the board, when it is material to determine the correct name of the person voted for, from inspecting the sample ballot.

Where, however, upon application for a mandamus compelling the return for correction of a number of returns so defective, it appeared that the indorsement upon the official ballots used and voted in some of the election districts which contained the name of the candidate upon whose relation the application was made were defective in that the number of the election district was not stated therein, but instead thereof that of another district, *held* (ANDREWS, FINCH and PECKHAM, JJ., dissenting), that a provision in the order granting the writ requiring the county canvassers when the erroneous returns were corrected, to proceed and canvass the vote as it appeared on the face of the returns, and declare the result, was error.

(Argued December 15, 1891; decided December 29, 1891.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made December 8, 1891, which affirmed an order of Special Term granting a peremptory writ of mandamus, the nature of which and the facts, so far as material, are stated in the opinion.

*Louis Marshall* for appellants. The board of county canvassers were not bound to allow votes returned as having been cast for David A. Munro, D. A. Monro or D. A. Munro, Jr., in favor of the relator, David A. Munro, Jr. (*People v. Ferguson*, 8 Cow. 102; *People v. Cook*, 8 N. Y. 67, 80; *Kortz v. Canvassers*, 12 Abb. [N. C.] 84; *Clark v. Bd. of Examiners*, 126 Mass. 282; *People v. Seaman*, 5 Den. 409; *Opinion of Justices*, 64 Me. 596; *People v. Tisdale*, 1 Doug. 59; *People v. Cicott*, 16 Mich. 283.) The board of county canvassers having declared by several resolutions that the returns from the first assembly district did not require correction, and that they did not consider that there were any clerical errors therein, the court did not possess the power to command them to make such decision. (*People ex rel. v. Leonard*, 74 N. Y. 443; 14 Am. & Eng. Encycl. of Law, 140; *People v. Supervisors*, 12 Johns. 415; *United States v. Guthrie*, 7 How. [U. S.] 284; *Board of Liquidation v. McComb*, 2 Otto, 541; *Secretary v. McGarrahan*, 9 Wall. 398; *People v. Atty.-General*, 22 Barb. 114; *People ex rel. Demarest v. Fairchild*, 67 N. Y. 334; *Commissioner of Patents v. Whitley*, 4 Wall.

522; *Howland* v. *Eldridge*, 43 N. Y. 457; *People ex rel. Francis* v. *Common Council*, 78 id. 39; *People ex rel. Equitable Life. Ins. Society* v. *Chapin*, 103 id. 625; *People ex rel. Millard* v. *Chapin*, 104 id. 96; *People* v. *Fairman*, 12 Abb. [N. C.] 252; *People* v. *Contracting Bd.*, 27 N. Y. 378; 33 id. 382; *People ex rel.* v. *Reardon*, 49 Hun, 331; *People ex rel.* v. *Bd. of Canvassers*, 126 N. Y. 392; *Felt's Case*, 11 Abb. Pr. [N. S.] 203; *People ex rel.* v. *Bell*, 119 N. Y. 175.)

*William P. Goodelle* for respondent. Where the board of canvassers have refused or neglected to perform any duty required of them, they may be required by mandamus to perform it. "They cannot by their neglect nullify a statute imposing duties upon them." (*People* v. *Supervisors*, 8 N. Y. 318; *People ex rel. Smith* v. *Schiellien*, 95 id. 124; Tapping on Mandamus, 11; *People* v. *Cook*, 8 N. Y. 67; *Kurtz* v. *Board of Canvassers*, 12 Abb. [N. C.] 84, 95, 100; *Noyes Case*, 126 N. Y. 392; chap. 130, Laws of 1842; chap. 331, Laws of 1844; *People ex rel.* v. *Board of Supervisors*, 51 N. Y. 401.) But even if the language of the statute was permissive merely it would, in this case, be construed as imperative, and the execution of the power insisted on as a duty by mandamus. (*People ex rel.* v. *Board of Supervisors*, 51 N. Y. 401; Tapping on Mandamus, 14.) The board of canvassers should have counted the votes cast for David A. Munro, D. A. Munro, D. A. Munro, Jr., in favor of relator, David A. Munro, Jr. (§§ 5, 8, 10, 11, 16, 20, chap. 262, Laws of 1890; chap. 296, Laws of 1891; Election Code, §§ 260, 261.) Inspectors of election must accurately state what name or names and ballots the electors actually voted. (12 Abb. [N. C.] 98.) The undisputed evidence appearing from the face of the returns (including the body of the returns and the sample ballots and indorsement thereon) coupled with public notoriety and presumptive knowledge that David A. Munro, Jr., was the regularly nominated Republican candidate for member of assembly in the first assembly district, and that on the face of the returns in the districts referred to he was not credited

with being a candidate or with having received a single vote, while every sample ballot attached to said returns gave him all the Republican votes in said district, furnished ample ground for granting said order and the issuing of the writ thereon. (*People ex rel.* v. *Board of Canvassers*, 12 Abb. [N. C.] 95, 103.)

O'Brien, J. The order appealed from directed a mandamus to issue upon the petition of the relator to the board of county canvassers of Onondaga county directing and commanding them to cause certain statements of the vote for member of assembly in the first assembly district of Onondaga county cast at the general election on the third day of November last to be sent back to the board of inspectors of election in certain election districts, where the statement and returns made by said inspectors, containing certain errors of a clerical nature, should be corrected before the statements are canvassed by the board of county canvassers. It appears that votes are returned by the boards of inspectors as having been cast in various election districts in the assembly district for David A. Munro, D. A. Munro and D. A. Munro, Jr., which were in fact cast for David A. Munro, Jr., for member of assembly for the first assembly district of Onondaga county. In every case the sample ballots returned by the various boards of inspectors, and attached to their statement of the result of the vote for member of assembly in these several election districts, show that the ballots were all printed with the name of David A. Munro, Jr., and in that form deposited in the ballot-box, but that by mistake the printed blank statements used by the inspectors in making their return contained the name of the candidate variously spelled and designated as above mentioned. David A. Munro, Jr., was the Republican candidate for member of assembly in the first assembly district and he claims that the inspectors' returns should be sent back to them for correction. We think that upon such a state of facts a mandamus may properly issue to the county canvassers requiring them before canvassing

the vote to send such returns as contain these errors back to the board of inspectors for correction. The sample ballots show that 'these votes, variously returned by a name differing slightly in the spelling and otherwise from that of the relator were really cast for him and the correction of such a mistake is fairly within the purview of the statute. (Laws of 1842, ch. 130, title 5, § 15.) In the case of *People ex rel. Noyes* v. *Board of Canvassers* (126 N. Y. 392), we held that the statement of votes cast, required by the statute to be written on the sample ballot, could not be used by the county canvassers as the correct statement of the votes cast for any designated candidate when it contradicted or did not agree with the statement of such vote embodied by the inspectors in the body of their certificate, but that the latter must govern them in canvassing and declaring the vote of the candidate. But that principle does not preclude the inspectors or canvassers, when it is material to ascertain the kind of ballot voted or the correct name of the person voted for or the correct spelling of the name, from inspecting the sample ballot attached. But the mandamus issued requires more to be done than to cause the returns containing the clerical errors to be sent back to the inspectors. It also requires the county canvassers when these errors are corrected to proceed to canvass the vote as it appears on the face of the statements and declare the result. We have held in the case of *People ex rel. Nichol* v. *Board of County Canvassers of Onondaga County,* at this term, that certain votes cast in some of the election districts could not be counted. That part of the order directing a mandamus to issue commanding the county canvassers to cause the inspectors' returns to be sent back to them for the correction of the clerical errors appearing in regard to the name and spelling should be affirmed, but the rest of the order requiring the board to canvass should be reversed, and the writ should be modified accordingly.

All concur, except ANDREWS, FINCH and PECKHAM, JJ., who dissent as to modification.

Ordered accordingly.