THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWIN W. FISKE, Respondent, v. WILLIAM H. DEVERMANN and Others, Defendants; WALTER JONES and Others, Appellants.

83   181
88   204
83   181.
6ap 27|

PEOPLE OF THE STATE OF NEW YORK ex rel. EDSON LEWIS, Appellant, v. WILLIAM H. DEVERMANN, EDWIN W. FISKE and Others, Respondents.

*An alternative writ of mandamus — not reviewed on appeal — duty to make a return or demur — signing a statement of a canvass in blank — when it becomes effective — a second canvass of votes not compelled or permitted — no duty to withdraw an improper certificate of canvass.*

The granting of an alternative writ of mandamus is so much a matter of discretion that it is not the subject of review upon appeal. It may be granted without notice, and cannot be quashed or set aside upon motion for any matter involving the merits, and the persons to whom such writ is directed must either make a return to it or demur.

Section 2075 of the Code of Civil Procedure prohibits the persons to whom an alternative writ of mandamus is directed from applying to have the writ set aside on the merits, and such a result cannot be accomplished by an appeal from an order granting such writ.

The signing of statements in blank of a canvass of votes at an election by the inspectors of election, in advance of the canvass of the votes, is wrong and irregular, but if by the consent and action of the canvassers such statements are afterwards filled up with the result agreed upon by all of the members of the board of canvassers, from such time the statements become effective.

Upon an appeal from an order granting an alternative writ of mandamus, all disputed questions of fact are to be assumed in favor of the relator.

Election ballots rejected by canvassers, if attached to their certificates of canvass, would not control or vary the result as expressed by the certificate.

Where inspectors of election have once made a canvass of votes, they cannot be compelled or permitted thereafter to make a new one.

No duty rests upon two of the members of a board of canvassers to withdraw a certificate of canvass improperly made and filed by them, which was made subsequently to the close of the canvass, after a valid certificate of canvass had been made and filed.

APPEAL by the defendants Walter Jones and others, in the first above-entitled proceeding, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 14th day of June, 1894, directing that an alternative writ of mandamus issue to the

respondent, and staying and restraining the canvassing of certain certificates of election.

Also, an appeal by the relator Edson Lewis, in the second above-entitled proceeding, from so much of an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Westchester on the 17th day of August, 1894, as denies his motion for a peremptory writ of mandamus.

*Roger M. Sherman,* for the appellants Jones and others in the first above-entitled action, and for the relator in the second above-entitled action.

*Joseph S. Wood,* for the relator in the first above-entitled action, and for Fiske and others, respondents in the second above-entitled action.

CULLEN, J.:

These two appeals involve the same questions of fact. The relators Fiske and Lewis were candidates for the office of mayor of the city of Mount Vernon at the election in May last. Devermann, Hoffman and Jones were inspectors of election at the polls in the second election district of the fourth ward. At the polls were two ballot boxes, one to receive ballots for city officers, the other for ballots on the question of certain city expenditures. At the close of the polls and the commencement of the canvass it was found that while 309 votes had been cast for city officers, but 305 ballots were in the box. These were canvassed and a statement of the result announced. On the opening of the other box there were found in it ballots for Fiske as mayor. As to whether there were 305 or 306 ballots in the first box, and whether three or more in the second box, is disputed. It appears that the inspectors signed the statements of the canvass in blank some time before the canvass commenced, and each inspector retained a copy. Upon the discovery of the ballots for city officers in the second box, dispute arose between the inspectors as to the course to be taken in regard to them. Devermann and Hoffman insisted upon counting them. Jones objected. What did then transpire is a matter of much dispute. It appears, however, to be conceded by Devermann and Hoffman in their affi-

davit that they agreed to the claim of Jones and filled out the certificate of the canvass according to the result as found from the count of the first box and not counting the ballots found in the second box.   These inspectors assert that it was agreed by all that the four rejected ballots should be attached to the certificate held by Devermann, and his copy of the certificate filed with the city clerk. Jones denies this.  Devermann failed to file his copy certificate with the city clerk and then Jones filed his.   Afterwards, Devermann and Hoffman filed a new certificate, by which the relator Fiske was credited with the additional four ballots.   The relator then applied for a mandamus to the city clerk directing him to return the two certificates, and to the inspectors directing them to forthwith make a legal statement of the canvass in the place of the two on file.   On a hearing of this application the court directed an alternative writ to issue and meanwhile stayed the canvass of the returns by the common council.   The first appeal is from that order.

The grant of the alternative writ was so much a matter of discretion that it is not the subject of review on appeal.   The Code of Civil Procedure (§ 2067) permits such writ to be granted without notice.   By section 2075 an alternative writ cannot be quashed or set aside upon motion for any matter involving the merits.   The respondents must either make a return to the writ or demur.  If the appellants deemed the facts stated in the writ insufficient to entitle the relator to relief they should have demurred.   If the facts were stated untruly they should have made a return to the writ.   In either case a decision on the merits could have been had long before even the argument of this appeal.   We are asked to reverse the order directing the writ to issue, not on any question of irregularity, but solely on the merits.   As the appellants by the express terms of the Code could not have moved to set aside the writ on such grounds, we think they are precluded from accomplishing that object by an appeal.   If we reverse the order appealed from it would be in effect merely setting aside the writ.   The appeal from the order, so far as it directs the issue of an alternative writ of mandamus, should be dismissed.

Assuming the power of the court in proceedings of mandamus to grant a stay, we think that the stay in this particular case was improvidently granted.   The signing of the statement in blank in

advance of the canvass was, of course, wrong and irregular. But by the consent and action of the canvassers the statements were filled up with the result agreed upon by all of their number. From this time they became effective. On this appeal all disputed questions of fact are to be assumed in favor of the relator. But giving the greatest force to the affidavits on his behalf, it is clear that the canvassers did canvass the vote, erroneously it may be, but nevertheless canvassed it and rejected the ballots found in the wrong box. The ballots rejected if attached to the certificate would not have controlled or varied it. (*People ex rel. Noyes* v. *Board of Canvassers*, 126 N. Y. 401.)

Devermann, however, did not attempt to comply with what he states to have been the agreement, but proceeded to make a new certificate and canvass in which Hoffman joined. The inspectors having made a canvass, could not be compelled or permitted to make a new one. By section 132 of the Election Law (Chap. 680 of the Laws of 1892) even where the returns are sent back to inspectors for omissions or clerical errors they are forbidden to change or alter any decision before made by them. Here, as already stated, the two other inspectors admit that they acceded to Jones' claim and decided not to count the ballots. The certificate filed by Jones was, therefore, valid and a true statement of the action and canvass of the inspectors. So much of the order as grants a stay should be reversed.

· The second appeal is from an order made at Special Term denying the relator's motion for a peremptory writ of mandamus directed to the common council of the city of Mount Vernon commanding it to disregard upon any canvass the second certificate filed by Devermann and Hoffman and directing those inspectors to withdraw such return. On the facts stated we can see no appearance of authority for this second return. It was the action of only two of the inspectors. It was not made at the close of the canvass but subsequently thereto and after a valid certificate of canvass had been made. The writ should, therefore, have been granted so far as the application related to the common council. As to the inspectors Devermann and Hoffman no duty rested on them to withdraw the particular paper filed by them nor was it in their power to do so. If the certificate was void it should be disregarded.

PEOPLE ex rel. SPENCER *v.* NEW ROCHELLE. 185

Hun.]  Second Department, December Term, 1894.

The order made in the first proceeding should be reversed so far as it grants a stay of proceedings, and the appeal from the remainder of the order should be dismissed.

The order made in the second proceeding should be reversed so far as it denies the application for a peremptory writ of mandamus to the common council, and so far as it denies a peremptory writ of mandamus against the inspectors should be affirmed. On these appeals neither party should recover costs as against the other.

Brown, P. J., concurred; Dykman, J., not sitting.

In the first-entitled action, order reversed so far as it grants a stay of proceedings; appeal from remainder of order dismissed.

In the second above-entitled action, order so far as it denies application for mandamus to common council, reversed; balance of order affirmed, without costs.