PEOPLE ex rel. RANTON *v.* CITY OF SYRACUSE.    203

Hun.]                    FOURTH DEPARTMENT, JULY TERM, 1895.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM J. RANTON, Respondent, *v.* THE BOARD OF ALDERMEN OF THE CITY OF SYRACUSE and Others, Defendants, Impleaded with JAMES DOYLE, Appellant.

*Inspectors of election — compelled by mandamus to correct clerical errors and viola-*
*tions of the Election Law — no appeal from the allowance of an alternative writ*
*of mandamus — stipulation of a candidate to allow corrections.*

Inspectors of election are ministerial officers and may properly be compelled by. mandamus to make a further return of the results of an election, where it appears that the return made contains clerical errors and that the canvass of the votes cast was in some respects conducted in violation of the Election Law.

The granting of an alternative writ of mandamus is so much a matter of discretion that it is not the subject of review upon appeal.

Where an election return has been made, but is irregular in that it does not show that any person received any votes whatever, and an alternative writ of mandamus has been issued sending back the return for correction and review, and the person who is apparently elected upon the face of the return moves to quash the writ, he cannot, by presenting on the argument of the motion a consent to certain corrections, avoid the force or necessity of the writ of alternative mandamus.

APPEAL by the defendant James Doyle from an order of the Supreme Court, made at the Oneida Special Term and entered in the office of the clerk of said court on the 31st day of January, 1895, directing the issue of an alternative writ of mandamus directed to the board of aldermen of the city of Syracuse and certain other persons, commanding them to return to the inspectors of election of the fourth district of the first ward of the city of Syracuse the return and certificate of the result of the election in said district, held on the 29th day of January, 1895, for further action thereon by said inspectors, and staying all proceedings by the board of aldermen as a board of canvassers to determine the results of said election; also from an order made at the Onondaga Special Term and entered in the office of the clerk of the county of Onondaga on the 23d day of February, 1895, denying his motion to vacate the above-mentioned order and to vacate the writ issued thereon.

*M. E. Driscoll,* for the appellant.

*L. L. Waters*, for the respondent.

*Charles E. Ide*, for the defendants.

HARDIN, P. J.:

In *People ex rel. Stapleton* v. *Bell* (119 N. Y. 175) it was held that inspectors of election are ministerial officers.

In *People ex rel. Fiske* v. *Devermann* (83 Hun, 181) it was held that the granting of an alternative writ of mandamus is so much a matter of discretion that it is not the subject of review upon appeal. Following the case last cited we think that the appeal from the order, so far as it directs the issue of an alternative writ of mandamus, should be dismissed.

(2) The defendant James Doyle also appeals from the order made on the 18th of February, 1895, denying a motion made for an order setting aside and vacating the order granted at Special Term on the 31st day of January, 1895, ordering that a writ of mandamus issue out of and under the seal of this court, and for an order setting aside and vacating the writ of mandamus. Upon that motion the defendant Doyle offered to stipulate that the return and certificate of the canvass of votes be corrected by inserting the word "received" between the words "Doyle" and "sixty-six," between the words "Ranton" and "fifty-four," between the words "Maloney" and "four," between the words "Dee" and "eighty-five" in said certificate of canvass of votes. The court refused to consider the stipulation for the reason that the motion was made on papers of relator only. From the affidavits found in the appeal book it is apparent that William J. Ranton was regularly nominated as a candidate for the office of alderman in the first ward of the city of Syracuse, to be voted for at the special election to be held in that ward on January 29, 1895, and it also appears that the defendant James Doyle was a candidate for the same office. According to the return filed in the city clerk's office at the close of the election, it shows the election of the defendant Doyle to the office of alderman of said ward over the relator by a plurality of only one vote. The returns from the fourth district are irregular in that they do not show in any form that any person received any votes whatever. From the affidavits it also appears that at the election a ballot was cast bearing the name of the relator, William J. Ranton, upon the

face, and upon its back a paster of different color from the ballot, which paster bore the name of the defendant James Doyle.   It also appears that when the ballot was opened by the inspectors on the canvass of the votes it was objected to as an improper and an illegal vote by an inspector, who called attention to the section of the Election Law relating to the proper position of pasters upon ballots cast at elections and relating to the color of such pasters.   It appears the inspectors then laid the ballot aside and subsequently took it up and counted it for Doyle.   After completion of the canvass Cawley, an authorized watcher for the relator, objected to the counting of the ballot in question on the ground that it was a ballot marked for the purposes of identification.   However, the inspectors disregarded the objection, as they did the other, and counted the ballot for Doyle, who was thereby, upon the face of the returns, elected to the office of alderman of the first ward by a plurality of one vote over the relator.   The inspectors did not attach said ballot to their return, but destroyed it with the other voted ballots and filed their return without any statement concerning it.   The board of canvassers were about to adjourn and declare and determine the result of the election, using for that purpose the defective return in question among others, when the relator applied for and obtained the alternative writ requiring the board of canvassers and city clerk to send back the returns of the fourth district to the inspectors for their further action thereon.   It is quite manifest that the return is defective and that the clerical errors and other errors may be corrected by means of mandamus.   (*People ex rel. Munro* v. *Board of Canvassers*, 129 N. Y. 469 ; *People ex rel. Nichols* v. *Board of Canvassers*, Id. 406.)

Section 114 of chapter 680 of the Laws of 1892 contains a provision in relation to marked ballots, requiring the inspectors or canvassers to write on the back of such ballot, " Objected to because marked for identification," or words in substance to that effect, and sign their names thereto and attach each of such ballots to the written statement of the result of the canvass.   Section 115 of the same act provides that the inspectors shall make and sign a written statement showing, among other things, the whole number of ballots received for each office and the whole number cast for each person for such office and the whole number of ballots objected to because marked

for identification, written out at length in words, and at the end thereof a certificate signed by the inspectors to the effect that the statement is in all respects correct. It is quite apparent that the inspectors have not complied with the statutory provisions; and we are of the opinion that the defendant Doyle had not the power by stipulation to cause the needed amendments to be made to the statement of the canvassers. We are of the opinion that the action of the Special Term was correct, and that its orders should be affirmed.

MARTIN and MERWIN, JJ., concurred.

The appeal from the order directing the issue of an alternative writ of mandamus is dismissed.

Order refusing to set aside the writ affirmed, with ten dollars costs and disbursements.