(44 Misc. Rep. 475.)

### PEOPLE ex rel. HAVERLY v. HANES et al.

(Supreme Court, Trial Term, Albany County. July, 1904.)

1. MANDAMUS—INSPECTORS OF ELECTION.

　　Mandamus will not lie to inspectors of election to compel them to decide in a particular manner whether certain ballots shall be counted for or against any candidate or wholly rejected.

Application by the people, on the relation of Charles Haverly, for writ of mandamus to Jacob L. Hanes and others. Writ disallowed.

This writ is directed to the board of election inspectors of the Second election district of the town of Westerlo, N. Y., and the board of canvassers of said town, to which proceeding the state commissioner of excise is also made a party. At the town meeting on November 3, 1903, the four local option questions as provided by section 16 of the liquor tax law (Laws 1900, p. 853, c. 367) were submitted to the electors of said town. The result of the election showed an equal number of votes for and against the fourth question, relating to the traffic of liquors in connection with the business of keeping a hotel, and under the liquor tax law such result effected the prohibition of such traffic in said town in connection with the hotel business. The inspectors of election in the Second district of said town rejected as void four ballots, one of which it in claimed by the relator should have been counted in favor of the fourth local option question under consideration. The inspectors also counted against said question a number of ballots which the relator claims were void, or had been marked for identification, none of which, however, were protested or objected to by any person at the time of counting or canvassing the same. All these ballots, except the four which were rejected by the inspectors as void, were replaced in the box from which they were taken, as required by the election law (Heydecker's Gen. Laws, p. 300, c. 6). But the defendants assert that said box has been tampered with, and that the ballots complained of by the relator are not now in the same condition in which they were when they were counted and canvassed by the inspectors, and considerable evidence was taken on the trial bearing on this question. The term of office of all of the election inspectors expired in December, 1903, and only one of the old board has been reappointed and is now in office. There has also

been a change in the town board of canvassers. Application for a writ of mandamus herein was not made within 20 days after the election, as provided by section 114 of the election law.

Frost, Daring & Warner, for relator. ·

William G. Van Loon, W. L. Thornton, and Peter A. Delaney, for defendants.

COCHRANE, J.   The relator seeks by this proceeding to require the board of election inspectors to recount and recanvass ballots heretofore counted and canvassed by them, and on such recount to reject ballots heretofore counted by·them and to count ballots heretofore rejected by them as void.   Where the terms of office of the inspectors have expired, as in this case, they cannot, independently of the election law, be compelled by mandamus to reconvene and recanvass the ballots. People ex rel. Gaige v. Reardon, 49 Hun, 425, 3 N. Y. Supp. 560; People ex rel. Bailey v. Supervisors of Greene, 12 Barb. 217; People ex rel. Stevens v. Hayt, 66 N. Y. 606; People ex rel. Smith v. Schiellein, 95 N. Y. 133.   In People ex rel. Gaige v. Reardon, 49 Hun, 425, 432, 3 N. Y. Supp. 560, 564, Follett, J., said:

"I concur in the result, upon the sole ground that the term's of office of the inspectors having expired, they cannot be compelled by mandamus to reconvene and recanvass· the ballots.   The Secretary v. McGarrahan, 9 Wall. 298, 19 L. Ed. 579; United States v. Boutwell, 17 Wall. 604, 21 L. Ed. 721; State v. Elkinton, 30 N. J. Law, 335. The inspectors who were elected to succeed the defendants are without power to recanvass the ballots.   Hadley v. Mayor, 33 N. Y. 603, 88 Am. Dec. 412.   A mandamus would be unavailing.   A remedy for such cases should be provided by statute."

I do not find any authority or judicial utterance at variance with the above authorities.   The cases cited by the relator are not in point. They merely hold that, notwithstanding the provisions of the election law (Heydecker's Gen. Laws, p. 300, c. 6) the court still has common-law jurisdiction in election cases, which has not been abridged or limited by the provisions of the statute.   Section 114 of the Election Law provides for a recount of votes in certain cases by mandamus, and it also provides that "boards of inspectors of election districts, and boards of canvassers, shall continue in office for the purpose of such proceedings."   By this statutory provision the Legislature supplied a defect in the common law indicated in the suggestion of Follett, J., above quoted, that "a remedy for such cases should be provided by statute."   The relator, however, does not claim that this proceeding is within the provisions of this statute, and hence he is not entitled to its benefits.

There is another objection to this proceeding.   Inspectors of election have both judicial and ministerial duties to perform.   In determining what ballots shall be counted for or against any candidate, or any question voted on, or what ballots shall be rejected, they act judicially. They may, perhaps, be required by mandamus to perform merely ministerial acts in a particular way, and they may also be required to exercise their judicial functions; but they cannot be required by a common-law mandamus to decide in a particular manner.   People ex rel. Francis v. Common Council, 78 N. Y. 33, 39, 34 Am. Rep. 500; People ex rel. Millard v. Chapin, 104 N. Y. 96, 100; People ex rel. Smith v. Schiellein, 95 N. Y. 124, 133; People ex rel. Fiske v. Dever-

mann, 83 Hun, 181, 184. It is the performance of a judicial act on the part of the inspectors which is complained of in this case; not the failure on their part to act judicially, but the judicial conclusion reached by them; and it is this judicial conclusion which it is sought to have changed. The inspectors have performed the judicial act complained of. They may not have reached a correct conclusion, but they have acted and exercised their judgment, and the conclusion reached by them cannot be reviewed herein. In the case last cited, Cullen, J., said:

"The inspectors, having made a canvass, could not be compelled or permitted to make a new one. By section 132 of the Election Law (chapter 680, p. 1647, of the Laws of 1892), even where the returns are sent back to inspectors for omissions or clerical errors, they are forbidden to change or alter any decision before made by them."

Section 114 of the Election Law, above referred to, provides for a review of the judicial determinations of election inspectors in mandamus proceedings. But this right on the part of the relator does not exist at common law, and, as this is a common-law mandamus proceeding, the relator cannot avail himself of the statute.

In view of the foregoing observations, it is unnecessary to consider the question litigated on the trial as to whether the ballots have been changed since they were counted and canvassed by the defendants.

Peremptory mandamus disallowed, without costs