# CHARLESTON.

## HEBB *v.* CAYTON.

### Submitted Sept. 15, 1898—Decided Dec. 10, 1898.

1. MANDAMUS—*Elections by the People—Board of Canvassers—Recount.*

   *Mandamus* lies to compel a board of canvassers canvassing returns of an election to recount the ballots between competing candidates for office on the demand of either, when they refuse such recount. (p. 579).

2. ELECTIONS BY THE PEOPLE—*Recount.*

   A candidate asking a recount of ballots need not assign errors in the first count, or give any reason for a recount. (p. 580.)

3. ELECTIONS BY THE PEOPLE—*Recount.*

   Where ballots once recounted as between candidates for one office are again sealed up, that will not debar a candidate for another office from demanding a recount as to the office for which he was a candidate. (p. 580).

4. MANDAMUS—*Practice—Rule—Petition—Answer.*

   Where upon a petition for a *mandamus* a rule to show cause why the writ should not issue is awarded, instead of a *mandamus nisi*, and there is no answer to the rule raising an issue of fact, there need be no writ of *mandamus nisi*, and a peremptory writ issues; but where there is an answer raising an issue of fact, a *mandamus nisi*, embodying the facts justifying the *mandamus*, must be awarded, and it is treated as the declaration. (p. 581).

Error to Circuit Court, Tucker County.

*Mandamus* by Charles M. Hebb against the county commissiomers of Tucker County as a board of canvassers. A peremptory writ issued, and William M. Cayton brings error.

*Affirmed.*

W. B. Maxwell and C. Wood Dailey, for plaintiff in error.

Dayton & Dayton and Fred. O. Blue, for defendant in error.

Brannon, President:

Charles M. Hebb and William M. Cayton were candidates for the clerkship of the county court of Tucker County at the election in November, 1896. While the commissioners of the county were in session as a board of canvassers canvassing the returns of the election, Hebb demanded a recount of the ballots for that office, which, being refused, he asked and obtained from the circuit judge a *mandamus* to compel such recount, and Cayton sued out the writ of error we now decide. It is urged before us that *certiorari*, not *mandamus*, is the proper remedy. The action of canvassers in counting or recounting ballots is purely a ministerial act, one which the law commands them to do, *Brazie* v. *County Com'rs*, 42 W. Va. 213; *Marcum* v. *Commissioners*, 42 W. Va. 263, (26 S. E. 281). They have no choice to do or not do it, under proper circumstances. At common law, if having entered upon a count or recount, they commit any error, it is to be corrected by *certiorari*, not *mandamus*, as *mandamus* is not an appellate process. It does not lie to direct the inferior tribunal how to decide, but only to compel it to act when it refuses to act at all. *Board* v. *Minturn*, 4 W. Va. 300; *State* v. *County Court*, 33 W. Va. 589, (11 S. E. 72); *Miller* v. *County Court*, 34 W. Va. 285, (12 S. E. 702); *Railroad Co.* v. *Paull*, 39 W. Va. 142, (19 S. E. 551). So the statute giving right to Hebb to demand the performance of this ministerial act *mandamus* is the proper remedy at common law. But, even if the act of recount were not ministerial in character, as chapter 25, Acts 1893, amending section 89, chapter 3, Code, 1891, provides that "any officer or person upon whom any duty is devolved by this chapter may be compelled to perform the same by *mandamus*," it would clearly warrant the use of *mandamus* in this case. Indeed, we held in *Marcum* v. *Commissioners*, 42 W. Va. 263, (2 S. E. 6

281), that it gives *mandamus* in matters under the election law more scope than at common law, making it applicable to such matters, whether ministerial or judicial; in other words, giving it the appellate function of *certiorari*. One excuse made for the commissioners in refusing Hebb's request for a recount is that they had made a recount in one district of the county between two candidates for justice, and those ballots had been again sealed, and the commissioners did not think they had the right to reopen them. A strange proposition indeed,—that because ballots of one district had been sealed after a recount between district officers, this should forbid their recount in an election between candidates for county or other officers. Strange that such sealing of ballots is a burial without resurrection to answer the loud call of public justice. And for such a proposition language of JUDGE SNYDER in *Chenowith* v. *Commissioners*, 26 W. Va. 230, is cited. He said only that after one recount the *same* candidate could not have another, carefully limiting his meaning to the *same* candidates. Those ballots, though sealed, are there to ascertain the true result of the popular verdict as to any and all candidates voted for; to correct mistakes at the precincts. But in truth the ballots had not been actually sealed again; for the commissioners certify that while yet they were considering a ballot in the justices' recount, "and before the ballots cast in said district were resealed and the result declared, but after the ballots had been counted, the result ascertained, the ballots tied up, and were being sealed," Hebb asked the recount. The plea that there could be no recount after sealing because the ballots might be tampered with in the meantime, can in this case have no force, because they had not left the hands or eyes of the commissioners. If resealed, the mere possiblityof fraud does not stifle their verdict.

It is said Hebb gave no reason for a recount,—specified no error in the first count. How could he specify? He wanted the officers of the law to examine them for error. He did not have to assign errors. He is supposed never to have seen the ballots to be able to do so. The statute gives absolute right to demand a recount, without giving any reason.

The circuit judge awarded a rule to show cause why a *mandamus* should not issue, and did not award a formal *mandamus nisi*, or, as it is commonly called, an alternative *mandamus*; and it is said that, treating this rule as an alternative writ of *mandamus*, it does not show cause for such writ. One reason given is that it recites that Hebb demanded a recount before the result had been declared, and that till then he could not do so. The statement in the rule that a "recount" was demanded implies that the ballots had once been counted; and we should not unreasonably presume that when the demand was made there had as yet been no first count. We are to understand that a table had been prepared showing result. Hebb did not wait for a formal declaration of result, as the Code says that, "after canvassing the returns the board" shall recount the ballots, if demanded. The only declaration of the result of the election—that is, legal declaration—is that made after canvass, and after recount, and entered of record. Code 1891, c. 3, s. 69. It might be said that it is too late to ask a recount after this entry of record; but it cannot be said that it may not be demanded before such declaration. Technicality going so far should not be tolerated.

It is next insisted that no peremptory *mandamus* should have issued because no alternative *mandamus* was issued, and that under *Fisher* v. *City of Charleston*, 17 W. Va. 596, it is improper to substitute the petition or rule, or either of them, in lieu of the alternative writ, and no issue should have been made upon an answer to the rule. That is true when there is an answer to the rule raising an issue of fact; but there was no such answer in this case,—only a demurrer to the rule. The settled law is that when, as is often the case, a rule to show cause why a *mandamus* should not issue is awarded in the first instance, instead of an alternative *mandamus*, and there is no answer to the rule raising an issue of fact, and that rule and the petition state facts warranting a peremptory *mandamus*, such peremptory *mandamus* at once issues upon the rule without an alternative *mandamus*. This is well settled. Merrill, Mand. s. 252; *Fisher* v. *City of Charleston*, 17 W. Va. 596,

(Syl. point 1). Where the use of an alternative *mandamus* when no answer raising an issue of fact is presented? If the petition show *prima facie* cause for *mandamus*, and it is not rebutted by fact, of course the *mandamus* peremptory should issue. High, Extr. Rem. s. 504. Moreover, Cayton demurred to that rule, treating it as if a *mandamus nisi*, and it does not lie with him to demand in this Court an alternative writ.

It is further objected that the peremptory *mandamus* goes further than the rule; that, whereas the rule only requires the commissioners to assemble and recount the votes, the peremptory writ requires them to. recount the ballots between these candidates, and, in addition, declare the true result according to the recount, and issue proper certificate of election. Now, it is true that the command inserted in the alternative writ of *mandamus* must be strictly followed in the peremptory writ, and the command therein cannot be varied or modified from the alternative writ. This addition does not vary or modify the rule in legal view, as the command to recount would be enough both in the rule and peremptory writ, since it would follow as a legal duty that, after the recount, the board should declare the result, and issue a certificate. This is not the case of a command to do one thing in the rule or alternative *mandamus*, and to do another thing in the final writ. The addition to the final writ complained of was only to do what the court ought to do without the command made by that addition. The peremptory writ commands a recount of the ballots between the parties for the office of "county clerk" of Tucker County. It is said there is no such office, and that this is a fatal defect of the peremptory writ. Very, very technical this is. In common parlance, "county clerk" means "clerk of county court," but everything else in the record, petition and rules and ballots, and the names of the candidates on the ballots, show that these parties were voted for, for clerk of county court. Although the petition is not a pleading so the defects therein can be a ground to quash it, yet, under *Doolittle* v. *County Court*, 28 W. Va. 158 (Syl. point 3), the petition may be looked to for the cure of an alternative

writ of *mandamus*. In addition, there was the rule that
was part of the record and it was right in this respect.
The final writ stood upon it.

It may not be out of place to emphasize as a matter of
practice what has often been held in this Court: that the
better practice is, when a petition for *mandamus* is filed,
to award an alternative writ of *mandamus*, stating all the
facts therein calling for a *mandamus*, as would be stated in
a declaration; for this alternative writ is treated as a
declaration in the action called *mandamus*. It is not neces-
sary to issue a rule; for, where matters of fact come in an
answer to it, it necessitates an alternative *mandamus*, and
after that a peremptory *mandamus*, making three proces-
ses or awards instead of two. There is no use of a rule.
The alternative writ should be resorted to in the first in-
stance. *State* v. *Long*, 37 W. Va. 266. (16 S. E. 578.) I
cite, also, the article "*Mandamus*" in that great work,
American & English Encyclopædia of Pleading & Prac-
tice (volume 13, p. 767). The article is almost an entire
treatise on this important remedy. It seems to me that
Hebb was denied, without any reasonable justification, of
a plain right, as a citizen, under the law of the land, to have
a recount of the ballots. We affirm the judgment.

*Affirmed.*