# CHARLESTON.

### M. K. Duty v. S. M. Thompson *et als.*

## Submitted December 9, 1916. Decided December 14, 1916.

1. Elections—*Canvassing Board—Recanvass.*

   After a county court, sitting as an election board of canvassers, has legally and completely canvassed the returns of an election, ascertained the results, entered the same upon its record, issued the certificates of election and adjourned *sine die,* in the absence of a demand for a recount, it is *functus officio* and without power to reconvene and recount the votes cast. (p. 416).

2. Same—*Canvassing—Declaration of Result.*

   To declare the results of an election and issue certificates of election, without having recounted the votes, when no demand for a recount has been made, ·is not irregular, erroneous nor incomplete procedure. (p. 416).

3. Same—·*Canvassing Result—Demand for Recount.*

   A demand for a recount made after the board of canvassers has legally and fully canvassed the returns and declared and recorded the result, comes too late and avails nothing. (p. 416).

4. Prohibition, Writ of—*Issuance.*

   A county court may be restrained from proceeding to recount votes for the office of State Senator, on a demand therefor, made after it has legally ascertained and declared the result and adjourned, by a writ of prohibition from this court. (p. 416).

Petition by M. K. Duty for writ of prohibition against S. M. Thompson and others.

*Writ issued.*

*R. L. Gregory, S. B. Avis* and *R. Dennis Steed,* for petitioner.

*Clyde B. Johnson,* for respondents.

POFFENBARGER, JUDGE:

On the eighth day after the County Court of Wirt County, sitting as a board of canvassers, had completed the work of canvassing the returns of the election held in that county on the 7th day of November, 1916, declared the results thereof, entered the same upon its records, issued certificates of election in accordance therewith and adjourned *sine die,* R. S. Blair, a candidate for the office of State Senator, voted for in said county at said election, made a demand upon the members of said court for a recount of the ballots as to that office. They met and ordered that such recount be granted and fixed Dec. 4, 1916, as the day for commencement thereof. M. K. Duty, the opposing candidate for the same office, asks a writ of prohibition to restrain them from proceeding to recount the ballots, on the ground that the demand for such action came too late.

In view of a statute expressly conferring it, sec. 89, ch. 3, Code, the jurisdiction of this court by prohibition, in such case, is not questioned, if the demand for a recount was deferred too long.

The time limit on such a demand has not been judically ascertained or declared in this state. Our reports disclose nothing more than a *dictum* in *Hebb* v. *Cayton,* 45 W. Va., 578, to the effect that it is too late to ask a recount after the result of the election has been entered upon the record. This opinion of Judge BRANNON, expressed in marking the distinction between a case supposed and the one under consideration, accords with uniform decisions in all other jurisdictions. Not a single departure from the rule has been cited or found. The numerous cases asserting the proposition are cited by the text writers. 9 R. C. L., Title Elections, sec. 115; Cooley, Con, Lim., 7 Ed., p. 936; McCrary, Elec., secs. 267, 268, 269; Am. & Eng. Ency. L., 750; 15 Cyc., 383.

The character of the ''canvass of the returns'' required by the statute, differing, it is said, from that of the canvass in

some other states, is relied upon as affording strong reason
for departure from the general rule respecting the time limit
upon demands for recounts. Though our canvass does not
include the counting of the ballots, it is necessarily an entire
and complete function in itself, final and decisive, in the ab-
sence of a recount or contest. Nor does omission of the count
of votes from the faces of the ballots imply lack of such a
count in the election procedure, considered as a whole, for
it takes place at the election precincts, before the inspection
and consideration of the returns by the board of canvassers.
In the absence of a recount allowed by the statute, upon de-
mand, this count is conclusive as to the *prima facie* right to
the office. As a recount is not contemplated, except upon a
demand therefor, the canvass may be completed without it,
however close the result may be. Whether it is wise to omit
a more careful and formal count than that made at the elec-
tion precincts, is a legislative, not a judicial, question. The
statute makes a clear distinction between the canvass and
the recount. It gives the recount, upon demand therefor,
after the canvass, but before declaration of the result. If not
demanded, it does not take place, and, if it does occur, the
result thereof goes into the final result entered upon the rec-
ord, wherefore, it logically should take place before the re-
sult is declared. It would be at variance with common
knowledge, to say competing candidates do not know an elec-
tion result is close, until after the returns have been can-
vassed. It is always known, and the law very properly as-
sumes that, if a candidate desires a recount, he can make his
demand therefor, before the result is officially declared and
certificates issued. No form of demand having been pre-
scribed, the candidate making the demand need not be per-
sonally present for the purpose, nor appear by attorney. Af-
ter it has been made, the proceeding need not be so hastened
or rushed as to deny a candidate having several recounts
pending in different counties, reasonable and fair opportuni-
ty to protect his interests. Hence, the argument *ab inconven-
ienti* is not well founded. A time limit is necessary, and
to require a candidate to make his demand for a recount or

waive it, before a declaration of the result, is not unreasonable.

The limit fixed by the authorities generally applies in states in which the canvass does not include the counting of the votes. In New York, the canvass was made, a few years ago, as it is here. *People* v. *Canvassers,* 126 N. Y., 392; *People* v. *Canvassers,* 129 N. Y., 469. After the board has completed its work in that state and·adjourned, it is *functus officio,* and cannot be reconvened. *People* v. *Green Co.,* 12 Barb., 217; *People* v. *Reardon,* 3 N. Y. Supp. 560; *Hodley* v. *Mayor,* 33 N. Y., 603.

The canvass is no doubt made in many other states as it is here, and this rule seems to apply· everywhere.

Though the county court is *ex officio* a canvassing board, its function is not different from that of a board specially constituted for the purpose. It does not sit continuously as a canvassing board. When the result is legally and properly ascertained,· its powers as such board, for that election, cease. Judge BRANNON's statement in *Alderson* v. *Commissioners,* 32 W. Va., 454, to the effect that the body is continuous, must be considered in the light of its context. It is continuous only until the function is legally performed, and failure to recount the votes, in the absence of a demand, is not an omission of duty. Having omitted no duty and having completed its work, the board cannot reconvene and recount the votes, nor otherwise affect·the result shown by the record they have made. Cooley, Con. Lim. 784.

· These principles and conclusions constrain us to award the writ prayed for.

*Writ awarded.*