# CHARLESTON.

State *ex rel.* Mose Parsley *v.* Lacy Cole *et als.*

(No. 6458)

Submitted January 22, 1929.   Decided January 29, 1929.

*C. R. Harless* and *G. C. Trail,* for relator.
*J. Q. Hutchinson* and *Carl C. Sanders,* for respondents.

Hatcher, Judge:

The petitioner, Mose Parsley, was an unsuccessful candidate for the office of justice of the peace in Trap Hill District of Raleigh county at the last general election.   He obtained from this Court an alternative writ in mandamus commanding the canvassing board of that county (hereinafter referred to as the board) to recount the ballots in that district for that office.   The allegations in his petition upon which the writ was granted are that the board canvassed the returns and ascertained the result of the election in that district on November 13th but did not then enter the same of record, and that on December 8th, while the board was engaged in several recounts for other candidates and before the result in the district had been recorded, he demanded of the board a recount of the ballots for the office of justice which demand was refused.

The board and the two successful candidates for the office of justice in that district answer severally, and allege that

certificates of the result therein were issued to the successful candidates and also that the result of the canvass therein was recorded prior to Parsley's demand. The petitioner replied generally to the answers, but respondents filed the several certificates signed and issued by the board to each successful candidate, together with a certified copy of the record of the board showing the result of the canvass in the district. The record and the certificates are properly signed by a majority of the board and are dated November 13, 1928.

The petitioner filed an affidavit of the clerk of the board (taken after notice to the respondents). The affidavit states that the record of the result in the district had not been signed at the time Parsley demanded a recount. The affiant does not recall whether the result had been recorded at the time of the demand.

The respondents contend that the record of the board denotes an absolute verity, no fraud being shown. It is not necessary to discuss that contention, as the allegation of petitioner that he made his demand before the result in the district had been recorded, is not sustained. Section 69 of chapter 3, Code, provides that the board shall "record" the result of the election in the form of a certificate "as to each particular office" and that "when the certificates are all entered the record shall be signed by the board or a majority of them." It therefore appears from the express language of the statute that the result is *recorded* when entered in the election record book, and that the certificates so entered constitute *the record*. It is that record, complete in itself, which the board is directed to sign. In stating when a judgment was "recorded", the Supreme Court of Texas said: "To record an abstract in the judgment record means to transcribe it upon the book required to be kept for that purpose, and when the abstract is transcribed the act of recording is complete." *Vidor* v. *Rawlins,* 54 S. W. 1026, 1927. In other words, the integrity of the record does not await the signature of the board. The record is one thing, its authentication another. While the simplest and most direct mode of authenticating a record is by the signature of the official who makes it, yet its authenticity can be proved in other ways. There-

fore, it is held by "the great weight of authority" that a statute such as ours, which does not specifically invalidate an unsigned official record, is merely directory, and that such unsigned record is nevertheless valid. See the leading case of *Lillard* v. *State*, (Texas), 53 S. W. 125, and *The Justices* v. *House*, 20 Ga. 328; *Childs* v. *McChesney*, 20 Iowa 431; *Bartlett etc.* v. *Lang's Adm'rs.*, 2 Ala. 161; *Slocomb etc. ex parte*, 9 Ark. 375; *Rollins* v. *Henry*, 78 N. C. 342; *Gordon* v. *Bodwell*, 55 Kan. 131; Black, Judgm., sec. 109; 15 C. J., p. 973, sec. 388.

The record of the board is dated November 13, 1928. The certificates issued to the successful candidates bear the same date. There is nothing to the contrary. That date must therefore be accepted as the date upon which the certificates were issued and the record was made. The demand was accordingly made after the returns of the district had been *canvassed, declared* and *recorded*. Under the express authority of *Duty* v. *Thompson*, 79 W. Va. 415, the demand came too late.

The petition will be dismissed.

*Petition dismissed.*