J. Pat Beacom *v.* Board of Canvassers of Cabell County

(No. 9120)

Submitted September 4, 1940. Decided September 24, 1940.

*W. H. Daniel* and *F. W. Riggs,* for plaintiff in error.
*George I. Neal* and *Via, Hardwick & Quinlan,* for defendants in error.

HATCHER, JUDGE:

The petitioner, a candidate for nomination at the primary election held in Cabell County, May 14, 1940, was defeated upon the canvass of the returns, denied a recount by the board of canvassers, and refused a mandamus by the circuit court to require the recount.

His petition in the circuit court alleges demands for a recount made in his behalf by his secretary on May 24th, by his attorney on May 27th, and by himself on May 28th. His brief in this Court refers only to the demand by his attorney. So we assume that he does not rely on the other two alleged demands.

The board admits the demand by the attorney on May 27th, but says that it was too late, the result of the election having been declared on May 24th. Petitioner responds that such declaration was made when the board was not in session and was illegal. He would support his response by the following recorded order:

"At an adjourned meeting of the county court of Cabell County, sitting as a board of canvassers, held at the court house of said county on the 24th day of May, 1940, pursuant to adjournment of yesterday, present, T. H. Nash, president, and W. Arch Leap and J. M. Ross, Jr., Commissioners.

"There being no further business in connection with the primary election, held on May 14, 1940, the board adjourned until Monday morning, May 27th, 1940, at 9 A. M.

(Signed) T. H. Nash, President
J. M. Ross, Jr., Commissioner
W. A. Leap, Commissioner."

There is some confusion in the testimony. Despite this, the following facts are fairly established: 1. The board, all members present, (a) convened at 9:30 A. M., May 24th, at which time it was presented by its clerk with complete tabulations of the respective votes cast for every candidate; (b) approved the tabulations and signed them at 9:35 A. M.; (c) recessed until 2:00 P. M., the same day, to give time for the preparation of an order; and (d) reconvened at 2:00 P. M., and signed and delivered to its clerk for recordation an order—designated by him as a "special order"—dated May 24th, reciting that the board was in a regular meeting adjourned from "yesterday", declaring the result of the election according to the tabulations presented by the clerk, which were attached to and to be inserted in the order, and directing him to issue certificates of nomination to each candidate, not involved in a recount, shown by the tabulations to have the highest number of votes. 2. The recordation of this order in the election record book was not completed and therein signed by the board until June 3rd. 3. The adjourning order of May 24th, relied upon by petitioner, was prepared by the clerk, as a routine duty, after four P. M., of that day, and was not recorded in the election record book until "long after" recordation of the special order.

Since the special order, speaking the truth, was prepared and directed to be recorded before the adjourning order was prepared, and was recorded before the adjourning order, the latter can have no detractive effect on the former.

Code, 3-5-33, providing that after the election returns have been canvassed, a candidate shall have a recount upon demand, specifies no time limitation for making the demand. In cases where the result of the election returns had been declared and recorded and certificates of election issued before demand, we held that it came too late. *Duty* v. *Thompson,* 79 W. Va. 415, 91 S. E. 11; *State* v. *Cole,* 106 W. Va. 611, 146 S. E. 719. We have not held, however, as petitioner contends, that all of these acts are requisite to defeat a demand. On the contrary, we have construed the statute as limiting the time for the demand to the

period between the completion of the canvass and the declaration of the result. "It (the statute) gives the recount, upon demand therefor, after the canvass, but before declaration of the result. If not demanded, it (the recount) does not take place, and, if it does occur, the result thereof goes into the final result entered of record, wherefore, it logically should take place before the result is declared. * * * A time limit is necessary, and to require a candidate to make his demand for a recount or waive it, before a declaration of the result, is not unreasonable." *Duty* v. *Thompson, supra,* 417-18 of 79 W. Va., 91 S. E. at page 12. We are mindful that in *Hebb* v. *Clayton,* 45 W. Va. 578, on 581, 32 S. E. 187, 188, it was said that the only legal declaration of the result of an election "is that made after canvass, and after recount, and entered of record." That statement, in making a recount prerequisite to every legal declaration, is patently incorrect; is, in effect, disproved by *Duty* v. *Thompson;* and is not consistent with the ordinary usage of the word "declaration." The declaration of the result of an election is *the finding* of the board, whether termed a quasi-judicial finding or not. In all courts, criminal as well as civil, a finding, and its entry, are recognized as entirely different acts. The finding is the act of the court alone, is judicial, and necessarily precedes the entry; the entry is the act of the clerk alone, is ministerial, and necessarily succeeds the finding. The finding is complete when rendered; the entry is merely evidence of that rendition. Ency. Pl. and Pr. 430; 34 C. J. 52-3.

The result of the instant election was ascertained by the board at 9:35 A. M. May 24; the recordation of that result was ordered by the board at 2:00 P. M. of that day. Its order, in writing, was a legal, official declaration of the result of the election. Nothing remained to be done but the clerical work of issuing the certificates of election and enrolling the order in the election record book, and the signing of that record by the board. This signing, though required by the statute, amounted to nothing more than

authentication by the board of its previous declaration of the result made on May 24th. Consequently, the demand of May 27th was not timely and the judgment is affirmed.

*Affirmed.*