Rosenberry, C. J.
 

 The facts out of which the controversy arose are as follows: The plaintiff appeared at the office of the secretary of state shortly after
 
 7
 
 p. m., June 6, 1944, for the purpose of filing his papers as a candidate for
 
 *488
 
 governor at the 1944 primary election.- The secretary declined to accept the pápers on the ground that the time within which nomination papers should be filed as provided by statute had expired. It is conceded that the petitioner is qualified to be a candidate for governor, that his nomination papers were properly signed and executed, and that his certificate of acceptance was in due form, and that the tender was made, to the proper official.
 

 The question for decision is one of statutory construction. Prior to 1943, sec. 5.05 (1), Stats., provided:
 

 “The name of no candidate shall be printed upon an official ballot used at any September primary unless not later than the last Tuesday of July of the year in which such primary is to be held a nomination paper shall have been filed in his behalf as provided in this chapter. . . .”
 

 This section was amended by ch. 107, Laws of 1943, published May 6, 1943, to read as follows :
 

 “The name oí no candidate shall be printed upon an official ballot used at any September primary unless not later than 5
 
 p. m. central standard time on
 
 the last Tuesday of July of the year in which such primary is to be held a nomination paper shall have been filed in his behalf as provided in this chapter, in substantially the following form: ”
 

 In order to adjust the election laws so- as to permit Wisconsin electors serving in the armed forces of the United States to vote at the primary and general elections of 1944, ch. 567, Laws of 1943, was enacted and published January 27, 1944. The legislative purpose in the enactment of ch. 567 is stated as follows:
 

 “In recognition of the state’s responsibility to enact appropriate legislation to facilitate so far as practicable the voting by its qualified electors who are serving in the armed forces of the United States, at elections held within the state, the legislature by this enactment makes necessary adjustments in the absent-voting law and in the election statutes to provide adequate time for the preparation and transmission of ballots
 
 *489
 
 to such electors within and without the United States and for the return of such ballots in due time to be recorded at such elections. . . .”
 

 As created by ch. 567, Laws of 1943, sec. 11.90 (11), Stats., provides:
 

 “Date of primary election advanced.
 
 The date of the primary election preceding the general election in 1944 shall be August 15, 1944. The dates for the performance of acts in preparation for such primary election are changed as follows:
 

 1944
 

 May 6 (not earlier) First day for circulating nomination . papers.
 

 June 6 (not later) Last day for filing nomination papers. . . .
 

 August 15 Date of primary election.”
 

 Sec. 5.29 (1), Stats., provides:
 

 “Except as otherwise specially provided all the provisions of chapter 6 of the statutes [the chapter relating to general elections], relating to the qualification or registration of electors, notices of or pertaining to elections, poll lists, party challengers and challenges, officers and their duties, hours when the polls are to be opened and closed, canvass and return of votes, the solicitation of voters at the polls or to any other step or proceedings in preparation for or in the conduct of elections, are applicable to primaries in so far as they are consistent with this chapter.”
 

 The time for opening and closing of polls is fixed by sec. 6.35, Stats. In cities of ten thousand inhabitants and over, the polls are to be opened at 6 o’clock in the morning and closed at 8 o’clock in the evening. In towns the polls are to be opened at 9 o’clock in the morning and closed at 5 :30 o’clock in the evening, and there are separate provisions for certain classes of cities, the earliest time for opening being 7 o’clock and the earliest hour for closing being 8 o’clock on the date of the election.
 

 
 *490
 
 It is the contention of the petitioner that by changing the date for the filing of nomination papers for the primary election without specifying the hour of the day, the legislature intended to provide that nomination papers for the primary might be filed at any time between midnight and midnight of June 6th. If the argument of petitioner is sound, the legislature having failed to prescribe specified hours for opening and- closing the polls on the primary, by the same reasoning it would follow that it was the intention of the legislature that the polls should be open on primary day from midnight to midnight. Considering the declared intent of the legislature to merely change the dates upon which certain acts were to be performed during the year 1944, it is considered that it was the intention of the legislature to substitute the dates named for the dates provided in the general law relating to primary elections. If there had been any intent on the part of the legislature to change the hours of the day, the legislature would have so prescribed. Therefore, when by the provisions of ch. 567, Laws of 1943, it was provided that June 6th should be the last day for filing nomination papers, such papers were required to be filed before 5 o’clock p. m. on that date. All the reasons which induced the legislature to amend sec. 5.05, Stats.', are applicable as well to June 6th as to August 15th. The intention of the legislature was to require the nomination papers to be filed in the daytime at a time when offices of the secretary of state were customarily open. It is considered that the legislature had no intention of doing more than change the date, and did not intend to change the time before which, after which, or within which certain acts were to be performed on the substituted dates.
 

 The plaintiff having failed to tender his nomination papers for filing before 5 p. m. on -June 6, 1944, his tender came too late and the secretary of state correctly refused to accept them.
 

 By the Court.
 
 — The motion to quash is granted and petitioner’s complaint dismissed.