STATE EX REL. STEARNS, Petitioner, vs. ZIMMERMAN, Secretary of State, Respondent.*

*August 3—August 7, 1950.*

---

* Motion for rehearing denied, with $25 costs, on August 22, 1950.

444

*Bull & Biart* and *Benjamin H. Bull,* all of Madison, for the petitioner.

*Stewart G. Honeck,* deputy attorney general, for the respondent.

Brown, J.   Sec. 5.05 (1), Stats., provides:

"The name of no candidate shall be printed upon an official ballot used at any September primary unless not later than 5 p. m. central standard time on the last Tuesday of July of the year in which such primary is to be held a nomination paper shall have been filed in his behalf as provided in this chapter, . . ."

Sec. 5.07 (1), Stats., designates the office of the secretary of state as the place where the nomination papers of a candidate for United States senator shall be filed.

The question for determination is whether Stearns' failure to file his nomination papers not later than 5 p. m. on the last Tuesday of July requires the secretary of state to refuse them when tendered shortly thereafter and consequently to refrain from doing those things which result in placing the candidate's name on the ballot. This situation was before us in the case of *State ex rel. Conlin v. Zimmerman* (1944), 245 Wis. 475, 15 N. W. (2d) 32, and we declared, for reasons which still seem good and which are stated in the opinion in that case, that the time limit set by the legislature for the filing of nomination papers must be strictly observed.

The relator directs our attention to sec. 5.01 (6), Stats., which reads as follows:

"5.01 . . . (6) This title [Title II, regulating elections] shall be construed so as to give effect to the will of the electors, if that can be ascertained from the proceedings, notwithstanding informality or failure to comply with some of its provisions."

In the action of *Manning v. Young* (1933), 210 Wis. 588, 247 N. W. 61, arising under the statutes applicable to the present cause, the legislature had provided twenty-one days for the circulation and filing of nomination papers but in the year in question the twenty-first day fell on a legal holiday when the office in which they were to be filed was closed. Unless the papers could be received on the day following, the candidates and electors would be deprived of one of the days which the statute authorized for such purpose, and we held that the nomination papers offered for filing on the day succeeding the holiday were properly received and filed. The statute had made no provision for legal holidays. It was necessary to construe it to discover the intent of the legislature in the situation presented and in such construction the mandate of sec. 5.01 (6), Stats., was applicable. In the present action no fact or situation appears except those contemplated and provided for by the legislature. Under such circumstances to enlarge the time which the legislature has designated for the filing of nomination papers would be to amend the statute, not to construe it. Therefore we adhere to the principle of the *Conlin Case, supra.* If the candidate or someone in his behalf had been present in the office of the secretary of state to tender the nomination papers not later than 5 o'clock p. m. central standard time, the secretary of state would have been obliged to accept them; but if the candidate or his representative fails, as here, to reach the office until later than the time specified, the tender comes too late. The petitioner's nomination papers were correctly rejected as not being filed within the time designated by the statute.

*By the Court.*—The motion to quash the writ is granted and petitioner's application is dismissed.

FAIRCHILD and BROADFOOT, JJ., took no part.