STATE EX REL. McINTYRE, Appellant, vs. BOARD OF ELECTION COMMISSIONERS OF THE CITY OF MILWAUKEE, Respondent.

*September 10—October 9, 1956.*

396

For the appellant there was a brief by *Robert E. McIntyre* of Milwaukee, *in pro. per.*

For the respondent there was a brief by *Walter J. Mattison,* city attorney, and *Peter M. Stupar,* assistant city attorney, and oral argument by *Mr. Stupar.*

FAIRCHILD, C. J.   On this appeal the appellant seeks to overcome the effect of his failure timely to file his petition with the proper authorities for a recount of the votes of the Eighteenth ward. His failure to file promptly resulted from his acting on the mistaken calculation by the Board of Election Commissioners of the city of Milwaukee that "the time for filing petitions for recounts would end Tuesday, April 10, 1956, at 4:45 p. m." To overcome the positive requirement that a petition for a recount must be filed within three days from the time the result is declared by the board, appellant advances: (1) That the results of the April 3d election were not declared on April 6, 1956; (2) that the delivery of the petition April 6th by the defeated candidate to the sheriff for service on the opposing candidate tolls the running of the limitation period in regard to the filing of the petition within the three days after the declaration of the result of the canvass was made by the board. Other points are attempted to be made by the appellant, but the result of the case is controlled

by the ruling on the above points, and as to these particular propositions the trial court decided they were without merit.

The Board of Election Commissioners met April 3, 1956, after the closing of the polls, and duly and lawfully proceeded to canvass the returns of that election. They completed the canvass on Friday, April 6th, at about 4:45 p. m. There is no dispute over the fact that the proceedings in the canvassing of the returns was open to the public; nor is it questioned but that upon concluding the canvass the vote here in question was publicly set forth in public records in the proper place and office, and that at that time "the board executed a document under seal, signed by all its members, entitled 'Statement and Determination of City Board of Canvassers, City and Ward Officers, Nonpartisan Ticket.'" This certificate appears in the statement of facts.

1. Appellant urges the view that in the absence of statutory definition of the word "declared," the intent of the legislature in including the word in sec. 6.66 (1), Stats., must be ascertained. As to this point, it is considered that the learned trial judge properly ruled when he said: "It is the opinion of this court that the commissioners, upon the signing of the determination of election as to the alderman of the Eighteenth ward on April the 6th, had declared the result of such election." He referred to definitions of the word "declare" in Webster's International Dictionary and called attention to the case of *Beacom v. Board of Canvassers,* 122 W. Va. 463, 466, 10 S. E. (2d) 793, where the court had before it the question as to the time limitation of an application of a candidate for a recount of the votes. In that opinion the word "declared" was considered, and it was said: "The declaration of the result of an election is *the finding* of the board, whether termed a quasi-judicial finding or not." That is the accepted and generally understood meaning. The word

"declare" carries its own significance. To declare "means primarily to make known, to make manifest, to make clear, . . ." 11 Words and Phrases (perm. ed.), p. 399. See also Black's Law Dictionary (3d ed.), p. 532.

In the case before us, the commissioners, upon the completion of the canvass of the votes, signed the written determination already referred to as the result of this canvass. We hold that this act constituted a public declaration within the meaning of sec. 6.66 (1), Stats. No particular public act was required of the commissioners to give notice of their canvass. It may be said that the public were present at the time, and the record was a public record. There was no requirement or indication expressed or implied by the legislature that the result of the canvass should be formally published in a newspaper or otherwise than as done and as it appears in the record. A written determination by the proper officials in a public record open at all times for public inspection is a compliance with the statute. We agree with the trial court in the statement that "This determination adequately made known to the general public the results of such an election."

2. As to the contention by the petitioner that the placing of the petition in the hands of the sheriff tolled the three-day period. This contention was based upon an erroneous supposition that petitioning for a recount is the equivalent of an action in a court of record. The section to which appellant calls our attention, sec. 330.40, Stats., relates solely to an attempt to commence an action as an ordinary court proceeding, wherein a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. These proceedings relate to matters in courts and not, as here, before boards, commissions, or other administrative agencies. The sections under which appellant must find his relief provide

only for a proceeding before an administrative body, and the manner of the service of the notice does not change the character of the proceedings. The delivery of the petition for a recount to the sheriff of Milwaukee county did not toll the limitation period in regard to the filing of the petition within three days after the result was declared as it was by the Board of Election Commissioners. The statute is so specific and so within the realm of the legislative that there is no occasion to resort to construction or interpretation, and it would be impossible to extract any meaning from the words used that would enable a stretching of the three-day period fixed in sec. 6.66 (1). The interests of the electors are served by a strict compliance with the regulations provided in that section. *State ex rel. Stearns v. Zimmerman,* 257 Wis. 443, 43 N. W. (2d) 681.

The writ prayed for by the petition was correctly denied for the reasons set forth in this opinion.

*By the Court.*—Judgment affirmed.

CURRIE and STEINLE, JJ., dissent.