# IN the MATTER OF the NOTICE OF APPEAL OF RECOUNT OF: Robert E. FERREL, Appellant,

v.

## Dale GADDIS, Respondent.†

Court of Appeals

*No. 86–1270. Submitted on briefs November 14, 1986.—Decided December 18, 1986.*

(Also reported in 400 N.W.2d 517.)

† Petition to review denied.

For the appellant the cause was submitted on the briefs of *Richard O. Wright* of Wautoma.

For the respondent the cause was submitted on the brief of *Richard W. Boelter* of Wautoma.

Before Gartzke, P.J., Dykman, and Sundby, JJ.

GARTZKE, P.J.   Robert Ferrel appeals from an order dismissing his appeal to the circuit court for review of a recount determination by the Wautoma City Board of Canvassers that he lost a municipal election. The issue is whether sec. 801.15(1), Stats., applies when computing the five-day limitation in sec. 9.01(6)(a), Stats., on the time to serve notice of the appeal. The circuit court held that the computation is made without regard to sec. 801.15(1). We agree and affirm.

Tuesday, April 8, 1986, the board of canvassers determined that Ferrel had lost the election by one vote. The following Tuesday, April 15, 1986, Ferrel served notice of his appeal from that determination.

Section 9.01(6), Stats., provides in part: "(a) Within 5 days after completion of the recount determination by the board of canvassers, . . . any candidate . . . aggrieved by the recount may appeal to circuit court. The appeal shall commence by serving a written notice of appeal on the other candidates . . . . " Section 9.01(7)(b) provides in part: "Those provisions of chs. 801 to 806 which are inconsistent with a prompt and expeditious hearing do not apply to appeals under this section."

Section 801.15(1), Stats., provides that when computing the time prescribed or allowed by chs. 801-847 or by any other statute governing actions and special proceedings, "When the period of time prescribed or

allowed is less than 7 days, Saturdays, Sundays and legal holidays shall be excluded in the computation."[1]

Since the issue involves the proper reading of a statute, we decide the matter without deference to the decision of the trial court. *St. John Vianney Sch. v. Janesville Ed. Bd.*, 114 Wis. 2d 140, 150, 336 N.W.2d 387, 391 (Ct. App. 1983).

*State ex rel. McIntyre v. Board of Election Comm.*, 273 Wis. 395, 401-02, 78 N.W.2d 752, 756 (1956), held that the interests of the electors are served by a strict compliance with recount procedures. Sec. 9.01(7)(b), Stats., which was created by 1983 Wis. Act 183 sec 34, reflects the same principle. The weekend and holidays exclusion in sec. 801.15(1), Stats., is inconsistent with a prompt and expeditious hearing on an appeal recount.

Consequently, the five-day period prescribed in sec. 9.01(6)(a), Stats., is computed by excluding the first day and including the last day. Sec. 990.001(4)(a), Stats. Because the last day, April 13, was a Sunday, it is excluded. Sec. 990.001(4)(b), Stats. The last day to serve notice of Ferrel's appeal was Monday, April 14. He served it the next day, too late.

Because notice of Ferrel's appeal was not timely

---

[1] By order effective July 3, 1986, and therefore subsequent to the events precipitating this action, sec. 801.15(1), Stats., reads "When the period of time prescribed or allowed is less than 11 days, Saturdays, Sundays and holidays shall be excluded in the computation." Sup. Ct. Order, 130 Wis. 2d xxii.

served under sec. 9.01(6)(a), Stats., the trial court properly dismissed the appeal.

*By the Court.*—Order affirmed.