Mr. Jon E. Litscher Secretary Department of Employment Relations 137 East Wilson Street Madison, Wisconsin 53702
Dear Mr. Litscher:
You have asked at what point a person should be considered to have declared an intention to run for partisan political office under section 230.40(2), Stats.
Section 230.40(2) provides:
 If a person in the classified service declares an intention to run for partisan political office the person shall be given a leave of absence for the duration of the election campaign and if elected shall separate from the classified service on assuming the duties and responsibilities of such office.
In the absence of ambiguity, the words of a statute must be given their obvious and ordinary meaning. Grosskopf Oil Inc. v.Winter, 156 Wis.2d 575, 582, 457 N.W.2d 514 (Ct.App. 1990). The common and ordinary meaning of a word can be determined by using a recognized dictionary. Id. at 419. The ordinary meaning of declare is "to make known publicly, formally, or explicitly esp. by language . . .: to make evident or give evidence of: serve as a means of revealing: MANIFEST." Webster's Third New International Dictionary 586 (1986). This definition is consistent with the definition adopted by our supreme court inState ex rel. McIntyre v. Board of Election Comm., 273 Wis. 395,401, 78 N.W.2d 752 (1956). In that case the court held that to declare "`means primarily to make known, to make manifest, to make clear.'" Id. (citations omitted).
The federal equivalent of section 230.40, 5 U.S.C. § 1501,et seq., the Hatch Act, provides that a person covered by the act may not "be a candidate for elective office."5 U.S.C. § 1502(a)(3). A federal court has held that a person does not become a candidate even though he or she *Page 136 
"had formed an intention to become a candidate . . . or at most was seriously considering the possibility."Simmons v. Stanton, 502 F. Supp. 932, 938 (W.D. Mich. 1980). In that case the court noted that the person had not made a public announcement of his candidacy; that the general election was more than a year away; and that the person had not circulated or filed nominating petitions. The court held that the person was not a candidate under the Hatch Act because there were no objective indications of candidacy.
Wisconsin's law requires that the person make manifest or make clear or make evident that he or she is a candidate. It is not enough, therefore, that a person has formed an intention to become a candidate or is seriously considering the possibility of running for partisan political office; there must be some objective indication that the person is a candidate.
A person filing the declaration of candidacy required by section 8.21 would certainly be considered to have declared an intention to run. That statute requires the filing of a declaration of candidacy no later than the latest time provided for filing nomination papers. The declaration must be under oath and must state that the signer is a candidate for the named office. If the office is a partisan political office the signer has certainly brought himself or herself within the ambit of section 230.40. A formal declaration of candidacy, however, is not the only means by which a person could be considered to have declared an intention to run for partisan political office.
If the state employe takes out and circulates nomination papers, the employing state agency could conclude that the person is declaring an intention to run for that office, since there is no reason to circulate nomination papers on one's own behalf unless one intends to run for the office. On the other hand, if the state employe's supporters take out and circulate nomination papers without the employe's participation, and are not acting under the employe's direction and control, the circulation of the papers would not amount to a declaration of an intention to run for the *Page 137 
office. The question of whether supporters are acting at the behest of, or under the direction and control of, the state employe is an issue which must be decided on a case-by-case basis. The question would be whether an objective, reasonable person looking at all the facts would conclude that the supporters are acting independently of the state employe. SeeSimmons, 502 F. Supp. 932.
Section 11.01(1) defines candidate to mean "every person for whom it is contemplated or desired that votes be cast at any election held within this state . . . whether or not the person is elected or nominated, and who either tacitly or expressly consents to be so considered." If a state employe, therefore, files a candidate campaign registration statement under section11.05(2g), the employe has declared himself or herself to be a candidate. If the registration statement for the personal campaign committee reveals that the employe is running for partisan political office, the employe has "declared" within the meaning of section 230.40.
Although a person who is a candidate for office would have to file a registration statement either as an individual or through a personal campaign committee, it is possible that other persons could form a support committee and file as such under section11.05. Section 11.05(3)(p), however, provides that when a support committee files a registration statement the statement must be signed "by the individual on whose behalf the committee intends to operate affirming that the committee is the only committee authorized to operate on his or her behalf, unless the committee files a statement under s. 11.06(7)." Section 11.06(7) allows a support committee to file an oath affirming that the committee is acting independently of any candidate, is not acting in cooperation with, consultation with, in concert with or at the request or suggestion of, the candidate. If a support committee files such an oath, therefore, the fact that a support committee is actively campaigning on behalf of a state employe for a partisan *Page 138 
political office, by itself, would not mean that the state employe has declared an intention to run for that office.
The preceding discussion makes two important points apparent. First, it is the state employe's, the putative candidate's, actions which must be scrutinized. If other individuals are acting independently of the state employe, encouraging that employe to run for partisan political office, raising money on the employe's behalf, and otherwise campaigning for that employe, the employe still has not declared himself or herself to be a candidate. Second, the agency seeking to determine whether an employe has declared an intention to run for partisan political office must look at all of the available evidence. Although certain actions, such as filing a declaration of candidacy under section 8.21, declaring publicly that the person is a candidate or telling the agency that the employe is a candidate, would be sufficient by themselves to trigger the statute, actions short of such a declaration may well have the same result. For example, if a support committee which has filed the oath provided for in section 11.06(7) holds a fund-raiser, the employe's mere attendance at such a fund-raiser would not, by itself, be considered to be a declaration of candidacy. If, however, the employe attends that fund-raiser and makes statements such as "I expect to win in November" or "I can't formally declare yet, but you all know I'm running," or it is learned that the support committee is acting at the employe's request or under his or her direction, the employing agency reasonably could conclude that the employe had made manifest his or her intention to be a candidate, had declared an intention to run for the office.
Sincerely,
 James E. Doyle Attorney General
JED:AL:dah *Page 139