# CHARLESTON.

STATE EX REL. JOHN L. RYAN v. JAMES H. MILLER.

Submitted September 4, 1918.   Decided September 10, 1918.

1. ATTORNEY AND CLIENT—*Compensation of Attorney—Prosecution of Writ of Error.*

Where the plaintiff in a civil suit secures the services of an attorney to prosecute the same upon the basis of receiving compensation out of any recovery had, and a trial of such suit results in a verdict and judgment in favor of the defendant, the plaintiff is under no obligation to such attorney to prosecute a writ of error to such judgment, and if satisfied with the judgment of the lower court may refuse to prosecute such writ of error.  (p. 490).

2. MANDAMUS—*When Granted—Useless Act.*

A writ of mandamus will not be issued to compel the performance of an act which would not result in any benefit to the party seeking the writ.  (p. 492).

Original mandamus by the State, on the relation of John L. Ryan, against James H. Miller.

*Writ Refused.*

*Jno. L. Ryan,* for relator.
*Dillon & Nuckolls,* for respondent.

RITZ, JUDGE:

This is an application for a writ of mandamus to compel the respondent to sign certain bills of exception which it is contended were taken during the trial of the case of Margaret McClung, an infant suing by J. A. McClung, her next friend, against the Fayette Journal Company, lately pending in the circuit court of Fayette County, West Virginia. The relator was counsel for the plaintiff in that suit.  Upon a trial of the case in the circuit court of Fayette County a verdict and judgment were rendered in favor of the defendant.   The relator alleges that as counsel for the plaintiff he had an agreement that he would receive a part of any recovery had as his compensation, and that after the trial of the case and the verdict and judgment aforesaid the plaintiff and the defendant, in order to prevent the relator here from

receiving the compensation to which he was entitled, made a secret settlement between themselves of the cause of action, and would not further prosecute it. Bills of exception to the action of the court during the trial of the case were prepared and presented to the trial judge, but before the same were signed by him he was notified by the plaintiff and by her next friend that they did not propose to prosecute an appeal from the judgment rendered in the circuit court, and that Mr. Ryan, the relator, was not authorized to act further for them. For this reason, as well as because the bills of exception, as claimed by the judge, did not state the facts, he did not sign the bills, but returned them to the relator. The petition was then filed in this case, the relator asserting that he desires to prosecute a writ of error to the judgment below for his own benefit because of the alleged fraudulent settlement made by the parties. In *Burkhart* v. *Scott,* 69 W. Va. 694, it was held that where the parties to a suit made a secret fraudulent settlement of their controversy in order to defeat an attorney's claim for fees, he might continue to prosecute the suit for his own benefit. That case might apply here if there were any support for the charge that there had been a settlement made between the plaintiff and the defendant. On the contrary, however, it is denied, and the affidavits of all of the interested parties, as well as others, are filed showing that there has been no such settlement, that there has been no movement upon the part of the Fayette Journal Company to prevent the plaintiff from prosecuting a writ of error if she desires, but both she and her father, who is acting as her next friend, make affidavit that they of their own accord have come to the conclusion that to prosecute a writ of error from the judgment already rendered would be futile, and that they do not propose to do so. It must be borne in mind in this case that a trial has been had of the cause of action, and this has resulted in a judgment adverse to the plaintiff's claim. Under our holdings it would be necessary to bring what is equivalent to a new suit in order to get rid of this judgment, if indeed it can be gotten rid of at all. It is quite well settled that where the plaintiff in a case becomes satisfied that his cause of action

lacks merit he may discontinue the suit, and surely where a trial of the cause of action has been had, and an adverse judgment rendered, there is no obligation upon the plaintiff to further carry on the litigation simply because his counsel desires to do so. It is not the policy of the law to protract or continue litigation, but when a party to a suit in good faith becomes satisfied that his contention is without merit, and desires to abandon it he must be allowed to do so. Thornton on Attorneys at Law, § 646; 2 R. C. L. p. 1000.

It necessarily follows from this conclusion that the signing of any bills of exception would be a matter of supererogation, inasmuch as the plaintiff does not desire to use them for the purpose of prosecuting the writ of error to the judgment against her, and this court will not issue its writ to compel the doing of a vain and useless thing. *Hall* v. *Staunton,* 55 W. Va. 684.

The writ of mandamus prayed for is therefore refused with costs to the respondent.          *Writ refused.*