J. C. ALDERSON

*v.*

THE COUNTY COURT OF SUMMERS COUNTY, *etc., et al.*

(No. 10083)

Submitted July 29, 1948.   Decided July 30,

1948.   Filed November 16, 1948.

*Percy H. Brown,* for relator.

*T. L. Read,* for respondents.

HAYMOND, JUDGE:

In this original proceeding, J. C. Alderson, a citizen and a resident of Summers County, West Virginia, seeks a writ of mandamus to require the defendants, The County Court of Summers County and as such ex officio the board of canvassers, and J. A. Wallace, S. O. Gum and Harold Boland, members of the county court, to grant him a recount of the ballots cast at the primary election held on May 11, 1948, between him and Carlos B. Garten as candidates for the Democratic nomination for the office of sheriff of that county.

On July 6, 1948, a rule, returnable July 29, 1948, was issued by this Court, and on that day this proceeding was heard upon the petition and its exhibits, the answer of the defendants, a supporting affidavit of the clerk of the county court, the demurrer of the petitioner to the answer, and the briefs and the oral arguments of counsel.

On July 30, 1948, this Court, by order entered on that day, denied the prayer of the petition and discharged the rule. This opinion has been prepared and is now announced for the purpose of stating the reasons for that decision.

The material facts involved, as established by proof, are not disputed.

Following the primary election, the board of canvassers met on May 14, 1948, and, after canvassing and tabulating

the returns, by order entered of record, adjourned until May 17, 1948. On that day it convened again and, according to the affidavit of the county clerk, which is not denied, the votes and the other election records were examined and approved and the results of the election were declared and a written order to that effect was signed by all members of the board. At that time the clerk was directed to enter the results in the election record book and to issue certificates of nomination to the various successful candidates. These certificates, including one to Garten, who had opposed the petitioner for the Democratic nomination for sheriff in the primary, were issued on May 19, 1948. The order which was signed by the members of the board on May 17, 1948, and which was copied in the election record book prior to May 22, 1948, is in this form:

"The Board of Canvassers having now completed the canvassing and tabulating the returns of the Primary Election thirty precincts of Summers County, held on May 11th, 1948, it is ordered Court adjourn as a Board of Canvassers.

"Reference to the General Order Book for further proceedings of this meeting. J. A. Wallace, H. Boland, S. O. Gum, BOARD OF CANVASSERS."

On May 22, 1948, the petitioner caused to be served on each of the members of the county court a written notice in which he demanded a recount of all the Democratic ballots cast at each precinct in Summers County for candidates for the nomination for the office of sheriff of that county. This demand was refused by the county court on June 7, 1948, for the reason, as stated in the order entered on that day, that the petitioner had not demanded a recount until after the results of the primary election had been officially declared on May 17, 1948.

The petitioner alleges in his petition that he was informed by the county clerk that he had a period of ten days after the completion of the canvass in which to demand a

recount of the votes and that a custom to that effect had existed for many years in Summers County. This allegation is denied by the answer of the defendants and by the affidavit of the clerk of the county court. The petitioner also alleges in his petition that the defendants, after he had caused his notice demanding a recount to be served upon them, fraudulently claimed that they had completed the canvass and declared the results on May 17, 1948. This allegation is also denied by the answer of the defendants and no proof was offered by the petitioner to support either of the foregoing allegations of his petition.

The sole question in this case is whether the petitioner demanded a recount before the result of the primary election was officially declared by the board of canvassers.

Section 33, Article 5, Chapter 3, Code, 1931, as amended by Chapter 61, Acts of the Legislature, 1945, Regular Session, which deals with the duties and the procedure of a board of canvassers with respect to final elections and which by Section 20a, Article 4, Chapter 44, Acts of the Legislature, 1941, Regular Session, applies to a primary election, provides in part that after canvassing the returns of the election "the board shall, upon the demand of any candidate voted for at such election, open and examine any one or more of the sealed packages of ballots, and recount the same". The statute does not expressly designate any limit of time within which a demand for a recount must be made, but the foregoing language has been held to mean that the demand must be made before the result has been officially declared. *Nelson v. Nash,* 126 W. Va. 568, 29 S. E. 2d 253; *Beacom v. Board of Canvassers of Cabell County,* 122 W. Va. 463, 10 S. E. 2d 793; *State v. Cole,* 106 W. Va. 611, 146 S E. 719; *McKim v. Brast,* 94 W. Va. 122, 117 S. E. 875; *Duty v. Thompson,* 79 W. Va. 415, 91 S. E. 11. "A time limit is necessary, and to require a candidate to make his demand for a recount or waive it, before a declaration of the result, is not unreasonable." *Duty v. Thompson,* 79 W. Va. 415, 91 S. E. 11.

In the recent case of *State ex rel. Fanning v. Mercer County Court*, 129 W. Va. 584, 41 S. E. 2nd 855, cited and relied upon by the petitioner, this Court held that though a reasonable interval of time should be allowed between the ascertainment and the declaration of the result of an election, in order that the right of no person should be denied by hasty action of the board, nevertheless the declaration becomes official when all votes cast for the respective candidates have been tabulated and the board of canvassers in regular session signs a written order, certifying the result in accordance with the tabulations, and directs that such order be recorded in the proper election record book. It clearly appears that the action required to constitute an official declaration of the result within the rule of the *Fanning* case was taken by the board of canvassers of Summers County on May 17, 1948, before the petitioner made his demand for a recount on May 22, 1948. The order of May 17, 1948, which the clerk was directed to enter upon the election record and which he entered as directed, was signed by all the members of the board before the demand of the petitioner for a recount, and this action by the board constituted a valid official declaration of the result of the election. In the *Fanning* case the board of canvassers met on August 12, 1946, approved the tabulation, and made an oral declaration of the result. No order, however, was prepared until August 13, or signed until August 14. During the interval between the preparation and the signing of the order the demand for a recount was made. As the demand had preceded the signing of the order this Court held that it had been made in time and that the petitioner was entitled to a recount. The facts in the *Fanning* case clearly distinguish it from the case at bar, and the holding in that case has no application here.

The writ prayed for in the petition must be and it is denied.

*Writ denied.*