114 S.E.2d 904 (1960)
STATE ex rel. Minter L. WILSON
v.
COUNTY COURT OF BARBOUR COUNTY et al.
No. 12041.
Supreme Court of Appeals of West Virginia.
Submitted June 21, 1960.
Decided July 6, 1960.
*906 Charles R. McElwee, Charleston, for relator.
Edward T. Luff, Pros. Atty., William T. George, Jr., John A. Mosesso, Philippi, for respondents.
*905 HAYMOND, Judge.
In this original proceeding in mandamus, instituted in this Court on June 7, 1960, the petitioner, Minter L. Wilson, a candidate for delegate to the 1960 Democratic National Convention from the Second Congressional District of West Virginia, seeks a writ to compel the defendants, The County Court of Barbour County, Ray Martin, Woods Poling and Robert McDaniel, Commissioners of The County Court of Barbour County, constituting the board of canvassers of Barbour County for the primary election held on May 10, 1960, to reconvene as such board of canvassers, to find and declare invalid all votes, and not to count any vote, cast in that county at that primary *907 election for the two offices of delegates from that congressional district to the 1960 Democratic National Convention, including the votes cast for the defendant Virginia Williams, who was also a candidate for delegate to the Democratic National Convention, and to certify the results of such primary election to show that no votes were cast in Barbour County for any of the candidates for the two offices of delegates from that congressional district to the 1960 Democratic National Convention.
Upon the petition and the thirteen exhibits filed with it, this Court issued a rule returnable June 21, 1960, and at that time this proceeding was heard and submitted for decision upon the demurrer, the answer and the amended answer of the defendants The County Court of Barbour County and its members constituting the board of canvassers of that county, upon the demurrer and the answer of the defendant Virginia Williams and her motion to strike the exhibits filed with the petition, upon the replies of the petitioner to the answers of the defendants, and upon the oral arguments and the written briefs of the attorneys of the respective parties.
By order entered June 27, 1960, this Court held that the petitioner was not entitled to a writ of mandamus as prayed for and refused to award such writ; and this opinion is now announced for the purpose of stating the reasons which prompted this Court to deny the writ sought by the petitioner.
As shown by the allegations of the petition and the exhibits filed with it the petitioner complied with the requirements necessary to enable him to have his name placed upon the official ballots to be used in all of the fifteen counties, including Barbour County, in the Second Congressional District at the primary election on May 10, 1960; his name and the names of eleven other candidates for the two offices of delegates from the Second Congressional District were included in the list of candidates certified by the secretary of state to the clerk of the circuit court of Barbour County; and his name and the names of ten other candidates for those two offices, one candidate having previously withdrawn his name from the official ballots, were placed on the official ballots prepared and sent to the printer by the board of ballot commissioners of Barbour County and on the proof of such official ballots prepared by the printer and transmitted to the board of ballot commissioners. It also appears from the exhibits filed with the petition that at the primary election the petitioner received no votes in Barbour County; that in the fourteen other counties Robert E. Hedrick received 8112 votes, the petitioner received 7534 votes and the defendant Virginia Williams received 7441 votes; that if the votes cast for the candidates for the two offices in Barbour County are included in the total vote, Hedrick received 9037 votes, the highest number of votes, Virginia Williams 7672 votes, the second highest number of votes, and the petitioner 7534 votes, or the third highest number of votes; and that unless the votes cast for all of the candidates for the two offices at the primary election in Barbour County are rejected and excluded from the total number of votes cast in all of the fifteen counties of the district, Hedrick and the defendant Virginia Williams, instead of Hedrick and the petitioner, have been elected as the delegates to the Democratic National Convention from the Second Congressional District.
The petitioner asserts that he did not know or entertain the belief or the opinion that his name was omitted from the official ballots for the primary election in Barbour County until he was informed on May 12, 1960, two days after the primary election, by the clerk of the county court of Barbour County, that he had not received any votes according to the returns from two precincts; and that on May 16, 1960, having concluded that his name had been omitted from the official ballots, his attorneys and the prosecuting attorney of Barbour County *908 met with two members of the county court of Barbour County and at that time his attorneys orally requested The County Court of Barbour County and its members to reconvene as the board of canvassers to find and declare invalid all the votes cast in Barbour County at the primary election for the two offices of delegates from the Second Congressional District to the Democratic National Convention on the ground that his name had been omitted from the list of candidates for those offices on the official ballots for the primary election. On Tuesday evening, May 17, 1960, seven days after the holding of the primary election, the members of the county court, acting as the board of canvassers, held a meeting and at that time the petitioner, by his attorneys, advised the board that his name was omitted from the official ballots in Barbour County; that the names of all other candidates for the two offices of delegates from the Second Congressional District to the Democratic National Convention appeared upon the official ballots; and that the petitioner then demanded that no votes be counted that were cast in Barbour County for any candidate for delegate to the national convention from that congressional district for the reason that the choice of the voters could not be determined from such ballots because of the omission from them of the name of the petitioner. Upon consideration of the demand of the petitioner, as recited in its written order entered on May 17, 1960, the board refused to grant the demand of the petitioner for the stated reason that the board had completed its work and finally adjourned on May 13, 1960.
The principal grounds upon which the petitioner relies to sustain his contention that the ballots from which his name was omitted should be rejected and should not have been certified by the board of canvassers for any of the candidates for the two offices of delegates to the national convention are that the ballots do not satisfy the mandatory requirements of Section 3, Article 5, Chapter 3, and Section 31, Article 5, Chapter 3, Code, 1931. Section 3 provides in part that it shall be the duty of the board of ballot commissioners for each county to provide printed ballots for every election for public offices in which the voters, or any of the voters, within the county participate, and to cause to be printed on the appropriate ballot the name of every candidate whose name has been certified to or filed with the clerk of the circuit court of the county, and that ballots other than those caused to be printed by the respective boards of ballot commissioners, according to the provisions of Chapter 3, shall not be cast, received, or counted in any election. Section 31 also provides in part that if any ballot be found to contain more than the proper number of names for any office, such ballot shall not be counted as to such office, and that any ballot, or part of a ballot, from which it is impossible to determine the elector's choice of candidates, shall not be counted as to the candidate or candidates so affected.
In support of the action of the board of canvassers in certifying such ballots the defendants contend that the board of canvassers is without authority to open the packages of ballots or to count the folded ballots in canvassing the returns of a primary election, under Section 20, Article 4, Chapter 3, Code, 1931, which, to the extent here pertinent, provides that when any primary election is held in a county or district, the county court sitting as a board of canvassers shall meet and publicly, carefully and impartially ascertain the result of such election in the county and district and election precincts, and cause to be prepared and recorded, in the primary election precinct record book, a table or tables which shall show, as to each candidate of each political party for each office, the number of votes cast for him at each precinct and the total number of votes cast in the entire county, shall then make up and enter in such record book a certificate which shall state that, after having carefully and impartially examined the returns of the primary election held in the county, a designated *909 number of votes were received by each candidate for each political party, and shall also sign separate certificates of the result of the election within the county for each of the offices to be filled by each political party.
As previously indicated, the defendant Virginia Williams has filed her written motion to strike from the record the exhibits filed with the petition in this proceeding. This motion is not well founded and is denied. Though a mandamus proceeding is a proceeding at law, Newman v. Bailey, 124 W.Va. 705, 22 S.E.2d 280; State ex rel. Matheny v. The County Court of Wyoming County, 47 W.Va. 672, 35 S.E. 959; Fisher v. City of Charleston, 17 W.Va. 595, and though, in an action at law, as distinguished from a suit in equity, exhibits may not be filed with a pleading in such action, in the absence of statutory authority or rule of court, Esso Standard Oil Company v. Kelly, W.Va., 112 S.E.2d 461; Case v. Shepherd, 140 W.Va. 305, 84 S.E. 2d 140; Cawley v. The Board of Trustees of the Firemen's Pension or Relief Fund of the City of Beckley, 138 W.Va. 571, 76 S.E.2d 683; State ex rel. Emery v. Rodgers, Judge, 138 W.Va. 562, 76 S.E.2d 690; State ex rel. Medley v. Skeen, Warden, 138 W.Va. 409, 76 S.E.2d 146; Mustard v. The City of Bluefield, 130 W.Va. 763, 45 S.E.2d 326; City of Beckley v. Craighead, 125 W.Va. 484, 24 S.E.2d 908; Vorholt v. Vorholt, 111 W.Va. 196, 160 S.E. 916; Laurenzi v. James E. Pepper Distilling Company, 90 W.Va. 794, 112 S.E. 177; Hall v. Harvey Coal and Coke Company, 89 W.Va. 55, 108 S.E. 491; State ex rel. Pingley v. Pingley, 84 W.Va. 433, 100 S.E. 216, by Section 8, Rule II, of this Court, promulgated December 10, 1955, exhibits may be filed with and made a part of the pleadings in any original proceeding in habeas corpus, mandamus, or prohibition instituted in this Court. That rule provides that in any original proceeding in habeas corpus, mandamus or prohibition instituted in this Court exhibits may be filed with and made a part of the pleadings in such proceeding. The rule has the effect of a statute in matters of procedure and supersedes any procedural statute which conflicts with the rule. Sections 4 and 4a, Article 1, Chapter 51, Code, 1931, as amended. See also Bailey v. DeBoyd, 135 W.Va. 730, 65 S.E.2d 82; O'Flaherty v. Tarrou, 130 W.Va. 326, 43 S.E.2d 392; Fleming v. Dent, 120 W.Va. 691, 200 S.E. 35; Hale v. McGinley, 119 W.Va. 565, 195 S.E. 201. By virtue of the foregoing rule exhibits may be filed with and made a part of the pleadings in any original proceeding in habeas corpus, mandamus or prohibition instituted in this Court. The rule, however, does not apply to or affect such proceedings instituted in any other court or any other actions or proceedings at law in this or any other court.
This Court has held in numerous cases that mandamus is the proper remedy to require a board of canvassers to perform the duties imposed upon it by law. State ex rel. Bumgardner v. Mills, 132 W.Va. 580, 53 S.E.2d 416; State ex rel. Fanning v. The County Court of Mercer County, 129 W.Va. 584, 41 S.E.2d 855; State ex rel. Daugherty v. The County Court of Lincoln County, 127 W.Va. 35, 31 S.E.2d 321; State ex rel. Revercomb v. Sizemore, 124 W.Va. 700, 22 S.E.2d 296; Marquis v. Thompson, 109 W.Va. 504, 155 S.E. 462; State ex rel. Simon v. Heatherly, 96 W.Va. 685, 123 S.E. 795; Sanders v. The Board of Canvassers, 79 W.Va. 303, 90 S.E. 865; Kirkpatrick v. Deegans, 53 W.Va. 275, 44 S.E. 465; Daniel v. Simms, 49 W.Va. 554, 39 S.E. 690; Dunlevy v. County Court of Marshall County, 47 W.Va. 513, 35 S.E. 956. It is also the settled law of this State, announced in many decisions of this Court, that a board of canvassers, being created by statute, can do only that which the statute authorizes it to do. State ex rel. Thompson v. Fry, 137 W.Va. 321, 71 S.E. 2d 449; State ex rel. Bumgardner v. Mills, 132 W.Va. 580, 53 S.E.2d 416; Funkhouser v. Landfried, 124 W.Va. 654, 22 S.E.2d 353; Poteet v. County Commissioners, 30 W.Va. 58, 3 S.E. 97; Brazie v. Fayette County Commissioners, 25 W.Va. 213. The primary *910 duty of a board of canvassers is to ascertain and declare the true result of the election in a county according to the election returns. State ex rel. Thompson v. Fry, 137 W.Va. 321, 71 S.E.2d 449; State ex rel. Bumgardner v. Mills, 132 W.Va. 580, 53 S.E.2d 416; State ex rel. Gabbert v. Robinson, 88 W.Va. 708, 107 S.E. 763; State ex rel. Sizemore v. Hunter, 86 W.Va. 544, 103 S.E. 678; Sanders v. Board of Canvassers, 79 W.Va. 303, 90 S.E. 865. In discussing the powers and the duties of a board of canvassers for a final election, this Court said in State ex rel. Hatfield v. Farley, 97 W.Va. 695, 126 S.E. 413: "The duty of the Board of Canvassers is to canvass the returns of the election and accurately ascertain the result thereof from said returns, and in doing so, the Board is required first to ascertain whether or not the returns placed before them are, in fact, the returns of the said election, and that they are in proper form, and if not in proper form, to have them corrected so as to conform to the requirements of the law. They have the right to have the officers of the election and others summoned before them for these purposes and these purposes alone." In dealing with the same subject the opinion in Brown v. Randolph County Court, 45 W.Va. 827, 32 S.E. 165, contains this statement: "The board of canvassers is merely a body to canvass the returns of elections for public officers, acting simply on the certificates sent from voting precincts by certain officers holding the election, and recounting ballots when demand is made." The powers and the duties of a board of canvassers for a primary election are conferred and imposed by Section 20, Article 4, Chapter 3, Code, 1931, and the canvass of the result of a primary election is governed exclusively by the provisions of that section of the statute. State ex rel. Thompson v. Fry, 137 W.Va. 321, 71 S.E. 2d 449; State ex rel. Fanning v. County Court of Mercer County, 129 W.Va. 584, 41 S.E.2d 855. The provisions of that section merely authorize and empower the board of canvassers for a primary election to canvass the returns of the election and accurately ascertain the result of the election from such returns, in the absence of a recount after proper demand. It does not authorize or empower the board of canvassers for a primary election to open the sealed package of ballots or to count or consider the validity of the ballots cast at such election. See State ex rel. Thompson v. Fry, 137 W.Va. 321, 71 S.E.2d 449; State ex rel. Fanning v. County Court of Mercer County, 129 W.Va. 584, 41 S.E.2d 855.
As the defendants acting as the board of canvassers are not authorized or empowered to open the sealed package of ballots or to count or consider the validity of the ballots cast for the two offices of delegates to the national convention, the action of the board of canvassers in refusing to reject such ballots was in all respects correct and proper and will not be disturbed by this Court in this original proceeding in mandamus. Mandamus will not be awarded to compel the board of canvassers to perform an act which it is without lawful authority to perform or to consider and pass upon matters which by law it does not have the power to determine; and the original jurisdiction of this Court in mandamus does not extend beyond its authority to command the board of canvassers to do that which it is required by law, but has refused, to do. State ex rel. Bumgardner v. Mills, 132 W.Va. 580, 53 S.E.2d 416; State ex rel. Johnson v. Given, 102 W.Va. 703, 136 S.E. 772; State ex rel. Matheny v. The County Court of Wyoming County, 47 W.Va. 672, 35 S.E. 959. See also State ex rel. Ryan v. Miller, 82 W.Va. 490, 96 S.E. 791; Hall v. Staunton, 55 W.Va. 684, 47 S.E. 265.
Inasmuch as the defendants the county court and its members acting as the board of canvassers for the primary election legally and completely canvassed the returns of the election, ascertained the results, entered the results upon its record, issued certificates of election and finally adjourned on May 13, 1960, and no demand for a recount had been made before the *911 board declared the results of the election, the board was without power or authority to reconvene and consider, count or recount the votes cast at such election. In Duty v. Thompson, 79 W.Va. 415, 91 S.E. 11, this Court held in point 1 of the syllabus that "After a county court, sitting as an election board of canvassers, has legally and completely canvassed the returns of an election, ascertained the results, entered the same upon its record, issued the certificates of election and adjourned sine die, in the absence of a demand for a recount, it is functus officio and without power to reconvene and recount the votes cast."
The record in this proceeding shows clearly that the petitioner did not at any time demand a recount of the votes cast at the primary election. His motion, made at the meeting of the board of canvassers on May 17, 1960, four days after the board of canvassers had completed the canvass of the returns of the election, had declared and recorded the vote, and had finally adjourned, and seven days after the primary election was held on May 10, 1960, as shown by the exhibits filed with his petition, merely "brought to the attention of the Board of Canvassers that his name was omitted from the ballot in Barbour County for Delegate to the Democratic National Convention of the Second Congressional District; that the names of all other candidates for said office appeared upon the said ballot, except that of Minter L. Wilson, and the said Minter L. Wilson demanded that no votes be counted that were cast in Barbour County for any candidate for Delegate to the Democratic National Convention from the Second Congressional District, by reason of the fact that the voters' choice could not be determined from said ballots because the name of Minter L. Wilson as candidate for the before mentioned office did not appear upon said ballots."
This motion or demand did not constitute a demand for a recount by the board of canvassers of the votes cast at the primary election. But if it could be construed to constitute a demand for a recount, such demand, having been made after the board of canvassers had legally and fully canvassed the returns, had declared and recorded the result, and had finally adjourned, came too late and for that reason was of no avail. Duty v. Thompson, 79 W.Va. 415, 91 S.E. 11. Though the statute relating to a recount, Section 33, Article 5, Chapter 3, Code, 1931, as amended, which, by Section 20a, Article 4, Chapter 44, Acts of the Legislature, 1941, Regular Session, applies to a primary election, does not expressly designate any limit of time within which a demand for a recount must be made, this Court has held in numerous cases that such demand must be made before the result of the election has been officially declared. Alderson v. The County Court of Summers County, 132 W.Va. 61, 50 S.E.2d 473; Nelson v. Nash, 126 W.Va. 568, 29 S.E.2d 253; Beacom v. Board of Canvassers of Cabell County, 122 W.Va. 463, 10 S.E.2d 793; State v. Cole, 106 W.Va. 611, 146 S.E. 719; McKim v. Brast, 94 W.Va. 122, 117 S.E. 875; Duty v. Thompson, 79 W.Va. 415, 91 S.E. 11. In the Alderson case this Court said in point 1 of the syllabus that "Demand for a recount by a candidate in a primary election must be made before the result of the election has been officially declared by the board of canvassers."
As the defendants, The County Court of Barbour County and its members, acting as a board of canvassers were without power or authority to grant the relief sought by the petitioner or to determine the validity of the ballots cast for the two offices of delegates to the national convention, and as the action of the board in refusing to reject such ballots was in all respects correct and proper, it is unnecessary to consider or determine the contentions of the petitioner that the ballots cast at the primary election for the candidates for the two offices of delegates to the national convention were invalid and void because such ballots did not satisfy the requirements of Section 3, Article 5, Chapter 3, and Section *912 31, Article 5, Chapter 3, Code, 1931, and, for that reason, should not be counted at such primary election.
For the reasons stated the writ prayed for in the petition was denied by this Court by its order entered June 27, 1960.
Writ denied.
CALHOUN, Judge (concurring).
Though I concur in the result reached in the opinion of the Court in this case, I dissent respectfully to that part of the opinion which is summarized in the sixth point of the syllabus. In my view of the case, the decision is predicated upon, and was meant to be predicated upon, the propositions stated in the seventh and eighth points of the syllabus; and the propositions embodied in the sixth point of the syllabus are included somewhat unnecessarily, having the effect of fortifying a comparatively recent abdication or renunciation of this Court's jurisdiction, authority and duties in mandamus proceedings instituted in pursuance of Code, 3-5-41.
The sixth point of the syllabus reaffirms but enlarges the extent of the second point of the syllabus of the case of State ex rel. Bumgardner v. Mills, 132 W.Va. 580, 53 S.E.2d 416. Among prior decisions of this Court which are cited as precedents in the present case and in the Bumgardner case, only one is even remotely in point for the sweeping statements for which they are cited.
In the case of State ex rel. Matheny v. County Court of Wyoming County, 47 W.Va. 672, 35 S.E. 959, a case not dealing with an election, the Court in the fifth, sixth and seventh points of the syllabus held:
"A mandamus will not go to compel a party to violate an injunction, even though the applicant for mandamus is not a party to the injunction.
"A mandamus will go only to secure or protect a clear legal right, and not to accomplish a wrong, or the violation of the constitution.
"Mandamus will not go, if it would prove fruitless or impossible of performance, or beyond the power or means of the party to whom it is directed to perform its commands."
The single point of the syllabus of the case of Hall v. Staunton, 55 W.Va. 684, 47 S.E. 265, is as follows: "The extraordinary writ of mandamus will never be issued in any case where it is unnecessary, or where, if used, it would prove unavailing, fruitless, and nugatory. The court will not compel the doing of a vain thing. A mere abstract right, unattended by any substantial benefit to the party asking mandamus, will not be enforced by the writ."
In the case of State ex rel. Ryan v. Miller, 82 W.Va. 490, 96 S.E. 791, 792, a case not involving an election, the second point of the syllabus is as follows: "A writ of mandamus will not be issued to compel the performance of an act which would not result in any benefit to the party seeking the writ."
In the case of State ex rel. Johnson v. Given, 102 W.Va. 703, 136 S.E. 772, the legal proposition here in question is not embodied in the syllabus. Without any citation of authority or precedent, the Court in the body of the opinion at page 709 of 102 W.Va., at page 774 of 136 S.E., stated: "This court has no original jurisdiction except to command the inferior tribunal to do what upon the record it should do and has refused to do." (Italics supplied.) So far as I am able to ascertain, this is the sole basis for the sweeping statement in the second point of the syllabus in the Bumgardner case, which was enlarged and extended in the sixth point of the syllabus in the present case. Neither syllabus point is warranted even by the language inserted so casually in the case of State ex. rel. Johnson v. Given, supra. That language speaks merely of what the inferior tribunal "should do and has refused to do." (Italics supplied.) My study of the previous cases cited *913 fails to disclose anything else even remotely resembling authority for the sweeping legal proposition which has been so recently born and which is growing and expanding rapidly and, as I believe, dangerously.
In the Bumgardner case at page 589 of 132 W.Va., at page 424 of 53 S.E.2d of the opinion, without citation of authority therefor, there was inserted something new in the decisions of this Court as follows: "Mandamus will not be awarded to require the person to whom it should be directed to perform an act, which, by law he is not required or empowered to perform." That is a far cry from saying that mandamus will not lie to compel an unlawful act, one against public policy or one in violation of an injunction.
The seventh point of the syllabus in the present case points out that when a canvassing board completes its duties and adjourns, it is functus officio and without power to reconvene. At this very term the Court required such a board of canvassers to reconvene, though obviously they had no authority to do so in the absence of judicial command. State ex rel. Joyce v. Bivens, W.Va., 114 S.E.2d 901. That in itself, in my view, is at variance with the sweeping language of the sixth syllabus point in this case.
My views in this connection have been stated in some detail in the dissenting opinion in the case of State ex rel. Schenerlein v. City of Wheeling, W.Va., 108 S.E.2d 788, and in the majority opinion in the case of State ex rel. Zickefoose v. West et al., W.Va., ___ S.E.2d ___. In the latter case, it is pointed out that mandamus under Code, 3-5-41, has been broadened in scope in order to compel legally and expeditiously the performance of both ministerial and judicial duties imposed in relation to elections under the provisions of Chapter 3 of the Code.
I do not feel that we should be assiduous in our efforts to avoid the adjudication of the pressing controversies, so often of great public concern, which arise in connection with elections. I believe, on the contrary, that our attitude should be to strive to find within the framework of the law a means of adjudicating such controversies when brought before the Court, in order that election officials may be enabled to perform their duties in a lawful manner. We should, when asked to do so, command such officials to act "legally" in accordance with the language of Code, 3-5-41; and we should seek to afford to them the guidance which so often might prevent an illegal or unauthorized act, or even a fruitless, abortive election.