STATE OF WEST VIRGINIA *ex rel.,* CLAUDE A. JOYCE

*v.*

W. E. BIVENS, *et al.,* COMMISSIONERS OF THE COUNTY COURT OF LOGAN COUNTY, *etc., et als.*

(No. 12042)

Submitted June 28, 1960.     Decided July 12, 1960.

*William L. Jacobs,* for relator.

*Carl A. McComas, Charles R. McElwee,* for respondents.

BERRY, JUDGE:

This is an original proceeding in mandamus instituted in this Court by Claude A. Joyce, petitioner, against W. E. Bivens, Okey Justice and John R. Browning, Commissioners of the County Court of Logan County, and, as such, ex-officio members of the board of canvassers of said County, and C. C. Chambers, individually, respondents, praying that a writ of mandamus be awarded to the petitioner directed to the respondents, W. E. Bivens, Okey Justice and John R. Browning, as members of the board of canvassers of Logan County, commanding them to reconvene as such board, and to reject and exclude from the canvass of votes in Logan County eighteen (18) absentee ballots which were voted in the Seventh Judicial Circuit, composed of Logan County, for the petitioner, Claude A. Joyce, and the respondent, C. C. Chambers, as candidates for the democratic nomination for Judge of the Seventh Judicial Circuit, in the primary election held on the 10th day of May, 1960, and for said board of canvassers to certify the results of said primary election, showing the results of the votes cast in the Seventh Judicial Circuit after deducting the eighteen (18) absentee ballots in question. Thirteen (13) of the absentee ballots were counted by the said

board for C. C. Chambers and five (5) were counted for Claude A. Joyce.

The eighteen (18) absentee ballots were properly and timely received by the Clerk of the Circuit Court of Logan County, after being voted by the absentee voters, and, in accordance with the law providing therefor, were properly and timely delivered by said Clerk to the election officers in the various precincts, but the election officers either refused or failed to record and count said votes on the voting machines before the closing of the polls, as provided by statute. The absentee ballots were returned unopened and uncounted to the board of canvassers, along with certificates showing the result as disclosed by the voting machines.

When the board of canvassers met to canvass the votes, as required by statute, the unopened original carrier envelopes containing the eighteen (18) absentee ballots were discovered. They opened the envelopes containing these absentee ballots, counted them, resealed the envelopes, and signed their names on them. All of this was done by the members of the board of canvassers while they were engaged in the canvass, and while no recount was requested, nor contest had.

There is no question but that the absentee ballots were properly voted by the absentee voters, and that they have not lost their integrity. However, it is the contention of the petitioner that they should have been counted before the polls were closed, as required by statute, Code, 3-5A-20, and that the board of canvassers was without the authority to count the ballots in question. Before the board of canvassers counted the absentee ballots in question, petitioner, Joyce, was the winner by four (4) votes, 6,661, with Chambers' vote at that time being 6,657. However, after these votes were counted, Joyce was the loser by four (4) votes.

Respondents filed to the petition a demurrer and an answer, both contending that the board of canvassers

had the right to count the absentee votes in the first instance, in order to properly determine the person nominated. The respondent, Chambers, originally filed a "cross petition" seeking affirmative relief to have the election officials reconvene and count the absentee ballots. This cross petition was later withdrawn, although in an amended answer the same affirmative relief is prayed for by Chambers. The petitioner, Joyce, filed a demurrer and a replication to respondents' answer, which also apply to the amended answer.

The only question to be decided in this proceeding is whether or not the board of canvassers of Logan County had the authority to count the absentee ballots in question. Any other questions which may arise in connection with this matter would, by necessity, have to be answered in another proceeding. See *State ex rel. Thompson v. Fry,* 137 W. Va. 321, 71 S. E. 2d 449; *Moore v. Pullem,* 150 Va. 174, 142 S. E. 415. A cross petition or answer used seeking affirmative relief in a proceeding in mandamus can not be considered in defense thereof. *Gibson v. Bower,* 137 W. Va. 462, 73 S. E. 2d 817. Mandamus is a proper remedy to require a board of canvassers to comply with the law pertaining to such board. See *State ex rel. Minter L. Wilson v. The County Court of Barbour County, et al.,* 145 W. Va. 435, (Decided July 6, 1960), and cases cited therein.

It was held in the case of *State ex rel. Sizemore v. Hunter,* 86 W. Va. 544, 103 S. E. 678, that the sole jurisdiction of a board of canvassers is to canvass the returns which the law requires the election officers to make to them, and to declare the result as shown on the face thereof. In the case of *State ex rel. Thompson v. Fry,* 137 W. Va. 321, 71 S. E. 2d 449, point 4 of the syllabus, it was held: "A board of canvassers is without power or authority, in the first instance, to count the ballots, except the ballots of challenged voters, to tabulate the votes, or to ascertain and cer-

tify the result of a primary election held in an election precinct of a county.''

A board of canvassers for a primary election can only exercise the power or authority conferred upon it by statute and no authority is given to it to count unchallenged absentee ballots in the first instance. Code, 3-4-20; *State ex rel. Bumgardner v. Mills*, 132 W. Va. 580, 53 S. E. 2d 416; *State ex rel. Minter L. Wilson v. The County Court of Barbour County, et al., supra.*

Therefore, the board of canvassers of Logan County was without authority to count the eighteen (18) absentee ballots in the first instance. The demurrer of the board respondents and of Chambers, the individual respondent, to the petition is overruled, and petitioner's demurrer to the answer and amended answer, is sustained.

For the reasons stated herein, the writ of mandamus prayed for, is awarded.

*Writ awarded.*